(80 South. 436)

**ATLANTIC COAST LINE R. CO. v. BAL-
LARD. (3 Div. 333.)**

(Supreme Court of Alabama. Nov. 28, 1918.)

1. PLEADING ☜106(1) — PLEA IN ABATE-
MENT TO JURISDICTION—PRESUMPTION.

Every reasonable intendment, not contra-
dicted by face of pleadings, will be made in fa-
vor of circuit court's jurisdiction, so that plea
in abatement to jurisdiction must allege facts
excluding every condition under which jurisdic-
tion may be lawfully exercised.

2. CORPORATIONS ☜503(1) — VENUE —
STATUTE.

If defendant corporation, sued for personal
injuries, does not do business in county where
plaintiff resides, limitation of Code 1907, §
6112, fails, and general authority to use in any
county where corporation does business by
agent, as provided by first clause of statute, is
unimpaired.

3. PLEADING ☜106(1) — PLEA IN ABATE-
MENT TO JURISDICTION — ACTION AGAINST
CORPORATION.

In action against corporation for personal
injuries, pleas in abatement to jurisdiction are
fatally defective in failing to show affirmatively
that defendant company at time of suit was do-
ing business by agent in county of plaintiff's
residence, thereby bringing case within restric-
tive provision of venue statute. Code 1907, §
6112.

4. RAILROADS ☜330(2)—INJURY FROM GATE
—DUTY TO LOOK.

One crossing railroad tracks guarded by gate
may assume way is safe so far as gate is con-
cerned until warned to contrary by gong or oth-
er device or by seeing gate descend, and may as
sume it will not be lowered while he is passing
through; his duty being exercise of ordinary
care.

5. RAILROADS ☜350(28) — INJURY FROM
GATE—CONTRIBUTORY NEGLIGENCE—QUES-
TION FOR JURY.

Whether plaintiff, injured by railroad's gate
at crossing, was in exercise of ordinary care in
not looking for danger without being warned,
held for jury as question of fact.

6. RAILROADS ☜350(33) — INJURY FROM
GATE—PROXIMATE CAUSE—QUESTION FOR
JURY.

Whether omission of plaintiff, injured by
gate at railroad's crossing, to look out for gate
without warning, was proximate cause of his
injury, rather than subsequent negligence of
gatekeeper in not avoiding result, held for jury.

7. RAILROADS ☜351(21) — INJURIES FROM
GATE—INSTRUCTION.

In action for injuries from railroad's cross-
ing gate, in view of conflict between plaintiff's
testimony and gateman's as to suddenness of fall
of gate and conflicting inferences jury might
draw, instruction that under evidence fact gate
was out of repair, if it was, was not proximate
cause of injury, held properly refused.

8. TRIAL ☜234(1) — INSTRUCTION — HY-
POTHESIS.

In action for injuries from railroad's gate
at crossing, instruction held defective as not
hypothesizing jury's belief of gateman's testi-
mony, which they were not bound to believe as
against prima facie inferences deducible from
plaintiff's.

9. DAMAGES ☜166(1) — EVIDENCE — SET-
TLEMENT WITH ACCIDENT INSURER.

In action against railroad for personal in-
juries, evidence that plaintiff had accident poli-
cy, and had settled with insurer as for certain
periods of total and partial disability, was ma-
terial as an admission by plaintiff, in restriction
of damages, that his partial disability had ter-
minated on date of settlement.

10. NEW TRIAL ☜108(5)—NEWLY DISCOV-
ERED EVIDENCE.

In action for injuries from railroad cross-
ing gate, newly discovered evidence that plain-
tiff had settled with accident insurer on certain
terms, admissible in restriction of damages, held
not of such character and weight as probably to
change result on new trial, which was properly
refused.

11. APPEAL AND ERROR ☜1004(4)—REVIEW
—EXCESSIVE VERDICT.

On appeal in action for personal injuries,
Supreme Court will not disturb verdict as ex-
cessive merely because damages awarded seemed
to court somewhat more than sufficient.

Appeal from Circuit Court, Montgomery
County; Leon McCord, Judge.

Action by Eugene Ballard against the At-
lantic Coast Line Railroad Company for
damages for personal injury. Judgment
for plaintiff, and defendant appeals. Af-
firmed.

The injuries are alleged to have been sus-
tained by plaintiff on February 4, 1916, by
being struck on the head by a falling safety
gate operated and maintained by the Atlan-
tic Coast Line Railroad Company, as a re-
sult of the defendant's negligence in the
conduct of its business, while plaintiff was
upon a public street in the city of Tampa,
Fla.

Defendant filed two pleas in abatement
setting up the fact that plaintiff was a resi-
dent of Autauga county, Ala., at the time of
his injuries, and of the filing of his suit,
and not of Montgomery county, where the
suit is brought. Demurrers were sustained
to these pleas, and the cause was tried upon
the plea of the general issue and contribu-
tory negligence in short by consent.

Besides the general affirmative charge to
find for the defendant, the following charg-
es were refused to the defendant:

(2) The court charges the jury that, if they
believe from the evidence that the plaintiff did
not look before passing the point at which he
was struck by the gate, their verdict must be
for the defendant.

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(22) It was the duty of the plaintiff to observe the operation of the gate as he approached the sidewalk.

(25) Under the evidence in this case, the fact that the gate was out of repair, if you believe it was out of repair, such condition of the gate was not the proximate cause of plaintiff's injury.

There was verdict and judgment for the plaintiff in the sum of $4,250, and the defendant filed a motion for a new trial on the grounds, among others, that the verdict was contrary to the charge of the court, that the verdict was excessive in amount, and that material evidence had been discovered by defendant since the trial. The motion was overruled.

John R. Tyson, of Montgomery, for appellant.

Hill, Hill, Whiting & Stern, J. R. Thomas, and W. P. McGaugh, all of Montgomery, for appellee.

SOMERVILLE, J. [1] Every reasonable intendment, not contradicted by the face of the pleadings, will be made in favor of the jurisdiction of the circuit court. Hence a plea in abatement to the jurisdiction must allege facts which exclude every condition under which jurisdiction may be lawfully exercised by that court. Willard v. Zehr, 215 Ill. 148, 155, 74 N. E. 107; Moore v. Morris, 142 Ind. 354, 355, 41 N. E. 796; Cavin v. Hill, 83 Tex. 73, 18 S. W. 323. The authorities seem to go even further than this, and to require also that the true jurisdiction be affirmatively laid in the proper court. Fields v. Walker, 23 Ala. 155, 163; S.-S. S. & I. Co. v. Milbra, 173 Ala. 658, 55 South. 890; Guaranty Co. v. National Bank, 95 Va. 480, 486, 28 S. E. 909; Neville v. Shortridge, 146 Cal. 277, 79 Pac. 972.

Here the complaint shows only that the injury occurred in Tampa, Fla., and that defendant is a corporation.

The pleas in abatement show, in addition, that plaintiff was and is a resident of Autauga county, Ala., and not of Montgomery county where his suit is brought.

[2] The conclusion asserted by the pleas is that for an injury done in another state by a corporation, whether foreign or domestic, such corporation must be sued "in the county where the plaintiff resides," by virtue of section 6112 of the Code. That section, however, authorizes suit against a corporation, foreign or domestic, "in any county in which it does business by agent," except that it must be brought in the county of the plaintiff's residence, if the defendant corporation does business by agent in that county. Very clearly, if the corporation does not do business in the county where the plaintiff resides, the limitation fails, and the general authority to sue in any county where the corporation does business by agent, as provided by the first clause of the statute, remains unimpaired.

[3] The pleas in abatement are fatally defective in failing to show affirmatively that the defendant, at the time of suit filed, was doing business by agent in Autauga county, and thereby bringing the case within the restrictive provision of the venue statute here invoked. Several grounds of the demurrer point out this defect, and the demurrer was properly sustained. It is not necessary to discuss other grounds of demurrer and other points of view as argued by counsel.

Under the evidence as shown by the bill of exceptions, the negligence of defendant, and the contributory negligence of plaintiff, and their proximate causation of the injuries suffered by plaintiff, were questions for the jury, and the general affirmative charges requested by defendant were properly refused.

[4, 5] Refused charge 2 asserts the proposition that plaintiff's failure "to look before passing the point at which he was struck by the gate" was, as matter of law, contributory negligence which proximately caused his injury, and bars any recovery therefor. So far as we are advised, the duty imposed by law upon those who cross railroad tracks to seasonably stop, look, and listen, has reference only to the avoidance of danger from passing trains or engines; nor does the learned counsel for appellant cite any authority to the contrary. A person who crosses railroad tracks guarded by a gate, while passing along the streets of a city, may assume that the way is safe until he is warned to the contrary, either by a gong or other device, or by seeing the gate descend in front of him; and he may assume that it will not be lowered while he is in the act of passing through. The test of his duty is the exercise by him of ordinary care not to expose himself to danger, and whether he was in the exercise of ordinary care in not looking for danger was a question of fact for the jury.

This view is in accord with the decisions of the various courts in applying the doctrine of due care by travelers in passing through such gates. Smith v. Atl. City R. Co., 66 N. J. Law, 307, 49 Atl. 547; McLellan v. N. C. R. R. Co., 155 N. C. 1, 70 S. E. 1066, 33 L. R. A. (N. S.) 988; Sager v. Atchison, etc., Ry. Co., 70 Kan. 504, 79 Pac. 132.

These and other cases are cited in the note to Weekly v. L. & W. R. R. Co., 129 La. 790, 56 South. 889, Ann. Cas. 1913B, 798, 800, where the subject is fully discussed. See, also, McClain v. Chicago, etc., R. Co., 89 Kan. 24, 130 Pac. 646, Ann. Cas. 1914C, 704, note.

[6] But, if it were conceded that plaintiff was negligent as a matter of law in not "looking" at the point of passage, it was still for the jury to determine whether that

omission was the proximate cause of his injury, rather than the subsequent negligence of the gatekeeper in not avoiding that result. On either theory, we think the charge was properly refused.

For the same reasons, charge 22 was also properly refused.

Plaintiff's testimony was to the effect that the gate dropped on him suddenly and swiftly without warning.

[7, 8] Defendant's witness the gateman testified that the gates were operated by lever and chains which ran over rollers in metal pipes, and that three rollers were missing from one pipe. He further stated that the only effect of this was to make the gates harder and slower to operate, and that in any case they moved very slowly in response to strong action upon the lever, and that their construction was such that they could not fall rapidly.

The record shows that one of the phases of negligence relied on by plaintiff was some defect in the machinery of the gates; as to which the court instructed the jury, at defendant's request, that there could be no liability for any such defect unless it was the proximate cause of plaintiff's injury. The court refused to give an instruction that—

"Under the evidence in this case the fact that the gate was out of repair, if you believe it was out of repair, such condition of the gate was not the proximate cause of plaintiff's injury."

In view of the conflict between plaintiff's testimony and the gateman's, as to the suddenness of the fall of the gate, and the conflicting inferences that the jury might draw therefrom, we think this instruction was properly refused. It was defective also in not hypothesizing the jury's belief of the evidence, as they were not bound to believe the gateman's testimony, as against prima facie inferences deducible from plaintiff's testimony.

[9, 10] In support of that ground for new trial based on newly discovered evidence, defendant offered the affidavit of one Porter, an agent of the Ætna Life Insurance Company, showing that plaintiff had an accident policy in that company at the time of his accident, and that he settled his claim, on the basis of its provisions, on April 3, 1916, as for a total disability of three weeks, and a partial disability of five weeks, up to and including April 3, 1916.

Counsel for defendant conceives that this testimony, if it had been available on the trial, would have been material as an admission by plaintiff in restriction of the amount of damage suffered by him, namely, that his partial disability had terminated on the date of his said settlement.

Prima facie, it would have that tendency, and could have been used for that purpose.

However, in view of all the evidence on that subject, and of the explanation made by plaintiff of the circumstances of his settlement with the insurance company, and of the recurrence of his nervous troubles thereafter, we are satisfied that this newly discovered evidence is not of such character and weight as "to probably change the result should a new trial be granted," in accordance with the requirement laid down in our recent case of Fries v. Acme, etc., Works, 201 Ala. 613, 79 South. 45, where the subject is fully discussed.

[11] We have considered in detail the testimony relating to the injuries suffered by plaintiff as the result of being struck by the gate; and, while the damages awarded by the jury are more than what we would regard as sufficient, we do not feel justified in disturbing the verdict as excessive, for reasons often stated in previous decisions of this court.

We find no error for which the judgment should be reversed, and it will therefore be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.