49 So.2d 670

**Ex parte MERCER.**

**MERCER v. MERCER.**

**4 Div. 627.**

Supreme Court of Alabama.

Dec. 14, 1950.

4

John W. Rish, of Dothan, for petitioner.

Merrill & Harrison, of Dothan, for respondent.

BROWN, Justice.

This is an original petition filed in this court praying for the issuance of a common law writ of certiorari to the Houston County Law and Equity Court, sitting in Equity, to vacate and annul a decree of said court entered in a proceeding for separate main-

tenance by the wife against the husband, on the ground that no process was issued and served on the defendant, but that said decree was entered without pleadings other than the bill of complaint filed by the wife by consent of the parties, evidenced by written agreement filed in the court.

On the regular call of the docket here the case was submitted on the original petition, the motion to strike by the wife and the answer of the wife filed to this petition.

The title of the act creating the court involved in this proceeding is: "An Act To create and establish in Houston County, in lieu of the county court, a court of record with county-wide *limited jurisdiction* of criminal cases and civil actions at law and in equity, providing it with officers, regulating its procedure, and fixing the costs and charges collectible therein." Local Acts of Alabama 1947, p. 226. [Italics supplied.]

The provision of the act conferring jurisdiction in respect to the particular matter covered by the petition is found in section 2 thereof, subsection (b), in the following language:

"(b) The court shall not have power to try persons charged with felonies. It shall not have jurisdiction of any civil action when the matter or sum in controversy exceeds one thousand dollars ($1,000), nor take cognizance of any matter or proceeding in equity, except *suits for divorce or separate maintenance* and cases involving domestic relations or the custody of children." [Italics supplied.] Local Acts of Alabama 1947, p. 226.

■ While proceedings for divorce are statutory and limited in which the bill must allege the statutory ground and the jurisdictional facts must appear of record, Martin v. Martin et al., 173 Ala. 106, 55 So. 632; the jurisdiction to entertain a bill for "separate maintenance" is incident to the general or common law jurisdiction of a court of equity. Glover v. Glover, 16 Ala. 440; Murray v. Murray, 84 Ala. 363, 4 So. 239; Hinds v. Hinds, 80 Ala. 225. Therefore, the decree of the court in such proceedings is supported by the presumption that the proceedings are in all things regular, unless impeached by pleadings and

proof. In such proceeding the defendant may waive service and appear by solicitor and agree to the relief prayed and consent to a decree embodying such agreement.

Section 5 of said act provides *inter alia*: "the practice and procedure of the court as to parties, trial, competency of witnesses, admissibility of evidence, regulation of suits, and the time within which suits may be brought shall be governed by the statutes and rules of practice and procedure governing the circuit courts."

■ As before stated, said court is not a court of statutory and limited jurisdiction in the sense that the initial proceeding, petition or complaint must allege the facts essential to quicken into exercise its jurisdiction, which must appear on the face of the record. The power of the court to grant separate maintenance conferred on such court is limited and coequal to that conferred on courts of equity generally, and appeals from its decrees are direct to the Supreme Court. Local Acts of Alabama 1947, p. 230, § 9; Nugent v. State, 18 Ala. 521.

■ The petition filed here questions the validity of said decree for that the record does not show that summons was regularly issued and service thereof had on the defendant and that the solicitor who entered into the agreement embodied in the decree had authority to represent the defendant. The petition does not negative the authority of the defendant's solicitor Mullins to represent him in said proceeding. In the absence of pleading and proof to the contrary, the presumption of validity prevails. Davis v. Jones, 236 Ala. 684, 184 So. 896; Atlantic Coast Line R. Co. v. Ballard, 202 Ala. 354, 80 So. 436.

The answer filed by the respondent affirms the authority of Mullins to represent the defendant.

We are, therefore, of opinion that the petition has not made a case for the issuance of either certiorari or mandamus.

Petition dismissed.

All the Justices concur except GARDNER, C. J., not sitting.