63 So.2d 807

**ROGERS v. ROGERS.**

**8 Div. 623.**

Supreme Court of Alabama.

March 13, 1953.

478

Douglas C. Martinson, Huntsville, for appellant.

Griffin, Ford, Caldwell & Ford, Huntsville, for appellee.

GOODWYN, Justice.

Appellant, the wife, sues for divorce on two grounds, alleging (a) that the husband has "committed actual violence on her person, attended with danger to life or health," and (b) that she has "lived separate and apart from the bed and board of the husband for two years and without support from him for two years next preceding the filing of the bill; and that she has bona fide resided in this state during said period." Both grounds are embraced in Code 1940, Title 34, Section 22, as amended by Act No. 487, approved September 30, 1947, General Acts 1947, p. 336.

The testimony was taken ore tenus before the trial judge. On final submission, a decree was rendered denying the divorce and dismissing the bill. This appeal is from that decree.

The evidence with respect to both alleged grounds for divorce is by no means without conflict. Appellant seems to recognize the insufficiency of the evidence in support of the cruelty charge, since no insistence is made here that a divorce should have been granted on that ground. In these circumstances, we will not discuss the cruelty charge further, since error based on the refusal of the trial court to grant the divorce on that ground must be considered as waived. Supreme Court Rule 10, Code 1940, Title 7, Appendix; Morgan County v. Hill, 257 Ala. 658, 60 So.2d 838, 840; Cook v. Whitehead, 255 Ala. 401, 406, 51 So.2d 886. It is on the other ground that appellant insists the divorce should have been granted.

The evidence is in conflict as to whether the wife was without support from the husband for two years next preceding the filing of the bill. In view of this, and since the evidence was taken orally before the trial judge, we might well base our affirmance on this score. Meares v. Meares, 256 Ala. 596, 600, 56 So.2d 661; Meadows v. Hulsey, 246 Ala. 261, 20 So. 2d 526. But another reason for affirming,

not heretofore passed on directly by this Court, seems more compelling.

The undisputed evidence shows the following: that the house where the parties lived for about thirteen years next before filing of the bill belongs to the wife; that for about five years immediately prior to the filing of the bill they stayed in separate rooms in said house, and did not have sexual intercourse during said period; that the wife prepared the food; that the husband ate at the same table with his wife and daughter; that the wife laundered the husband's clothes, and attended to the housework with the help of their daughter; and that in the community in which they lived, they held themselves out as man and wife. Out of these facts arises the question whether the wife had lived "separate and apart from the bed and board of the husband" as contemplated by the statute. Code 1940, Title 34, Section 22, as amended, supra. It is our view that the statutory requirements have not been met.

Living in separate rooms within the same matrimonial abode is not living "separate and apart" within the meaning of the statute; nor does the fact that sexual relations cease constitute a living "separate and apart" within the statute. 27 C.J.S., Divorce, § 42, p. 583, and cases there cited under notes 52 and 54. Living "separate and apart" implies something more than living in separate rooms in the same house and abstinence from sexual intercourse. It means, we think, a complete cessation of all marital duties and relations between the wife and the husband, and their living separate and apart in such a manner that those in the neighborhood may see that they are not living together. 17 Am.Jur., Divorce and Separation, Section 162, page 233. Such is not this case.

· The foregoing is expressive of the prevailing view in the interpretation of statutes of similar import in other jurisdictions. For collection and discussion of cases on the subject, see the following annotations: 51 A.L.R. 763, 768; 111 A.L.R. 867, 871; 166 A.L.R. 498, 508. See, also, Keezer on The Law of Marriage and Divorce, Third Edition, Section 455, pp. 507, 508.

The fact that the wife owned the house where the parties lived and, therefore, should not be required to move from her own property in order to live separate and apart from her husband, has no bearing on the case. Ample remedy is provided for her getting possession of her property, even to the exclusion of her husband. Code 1940, Title 34, Section 72; Cook v. Cook, 125 Ala. 583, 27 So. 918, 82 Am.St. Rep. 264.

The decree denying the divorce and dismissing the bill is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and BROWN and SIMPSON, JJ., concur.