79 So.2d 546

**Mattie Lee Weaver CAINE**

v.

**W. Alva CAINE.**

2 Div. 346.

Supreme Court of Alabama.

April 14, 1955.

T. G. Gayle, John W. Lapsley, Lapsley & Berry, Selma, for appellant.

Pitts & Pitts, Selma, for appellee.

**PER CURIAM.**

This is an appeal by the respondent wife from a final decree in a divorce suit in which the court granted an absolute divorce on the bill of a complaining husband, but ordered the payment by him of alimony and solicitor's fee to the respondent wife, and denied to the wife the divorce from bed and board which she sought by cross bill. The ground for the relief sought by each was the voluntary abandonment by the other for one year next preceding the filing of the bill or cross bill, respectively. The right to a decree from bed and board for the wife on the ground of voluntary abandonment is based on the same principles as apply where the relief sought is an absolute divorce from the bonds of matrimony. Section 36, Title 34, Code.

Many of the facts are undisputed. They are that the parties were married June 2, 1917 and lived together as man and wife until May or June 1927 when the wife left appellee and lived out of the State until January 1933, after which time they were reunited and continued to live together until the separation occurred which gave rise to this suit.

In 1950 the parties were living about a mile out of Selma where appellee conducted a dairy. He owned the outfit subject to a mortgage held by a Selma bank. They lived in a rented house across the road from the dairy. The lease on the house extended to December 31, 1953. They had reared two children, then over twenty-one years of age, married and lived apart from their parents.

Appellee, husband, contends that their relations were unhappy; their tastes divergent; their habits could not be reconciled; that they constantly spoke to each other in an unpleasant and harsh manner, and in May or June 1950 they began to occupy separate rooms in the same house. He contends that on three occasions, one in 1950, and others in 1951 and 1952 she denied to him marital relations. That during that time, until May or June of 1953 while this status continued, she cooked the meals, and he provided the food and supplied her with money for other needs. There was no infidelity claimed by either. About this time the wife went to Birmingham to visit their married daughter while

in childbirth. No complaint is made of her in that respect. While she was in Birmingham the husband telephoned her to know her plans, and she answered that she had none. He then moved out of the rented house and into a room in his barn, and carried out of the house his clothes, a chifforobe, an electric hot plate and an electric fan, and left the balance of the effects in the house. He then began to prepare and eat his meals at the barn. When she returned home in June 1953 she found that situation. She went into the home where she continued to live alone until the lease expired December 31, 1953. He continued to pay the rent on the house and supply her needs until then.

This bill of complaint was filed by the husband December 7, 1953, alleging voluntary abandonment of him by her for one year next preceding the filing of the bill. She countered with a cross bill, as stated above. She left home when the lease expired and gave most of the furniture and furnishings to a son, and these furnishings were carried to the son by appellee, including a General Electric refrigerator, deep freeze, and a Westinghouse stove. She also had a Lincoln automobile which he had provided for her and which she kept. She then rented an apartment in Selma and got a job which netted her $22.17 a week.

■ The first question is whether that status shows a voluntary abandonment of the husband by the wife for one year next before December 7, 1953. The only conduct on her part which he contends was an abandonment of him by her was her moving into another bedroom in the home in May or June 1950, which she continued to occupy and the refusal of sexual relations from that time until the present. She admitted moving into another room, but contended that it was at his instance; that she did not deny him sexual relations after that time, but specified certain occasions when it occurred during that time. If what the husband says is true, such conduct did not constitute a voluntary abandonment. There was no living separate and apart which is an element of voluntary abandonment—there was no final separa-

tion until he moved out of the home. Rogers v. Rogers, 258 Ala. 477, 63 So.2d 807. Cf. Mayo v. Mayo, 199 Ala. 551, 74 So. 971; Thomas v. Thomas, 233 Ala. 416, 172 So. 282; Webb v. Webb, 260 Ala. 426, 70 So.2d 639.

We think the court erred in finding and decreeing that the husband has proven his claim of voluntary abandonment for one year next before the filing of the bill. There is no evidence to sustain that finding when properly considered.

■ We think there was no error in refusing to grant to the wife on her cross bill a divorce from bed and board. Section 36, Title 34, Code. It requires the same sort of proof in respect to such a divorce as for one from the bonds of matrimony. The only foundation for a claim of such abandonment occurred in June 1953. This was within the one year period before December 22, 1953 when the cross bill was filed.

■ With respect to the allowance of alimony (or maintenance) the evidence shows that pending the suit appellee defaulted in the payment of the mortgage on his dairy property. The bank demanded payment or a sale of the property. By agreement all the personal property was sold at auction and the bank received the money. Arrangements were made for the sale of a part of the land for an amount to be applied on the balance of the debt, but the wife refused to sign the deed and that trade was lost. The land was then sold at auction under the power in the mortgage and brought an amount insufficient to pay the debt, leaving a substantial balance unpaid. Appellee has no other property of appreciable value. At the time of the trial he had a temporary job of managing a cattle business for another, with a salary expectancy of $250 a month, although the amount or its duration was not definitely agreed on. The wife, as said above, was earning $22.17 net per week in a department store. She had accumulated by close economy and thrift (inheriting an undisclosed amount) some $14,000 in government bonds and $9,000 in savings accounts in two Selma banks.

The decree of the circuit court directed appellee to pay appellant $50 a month as alimony extending indefinitely into the future, and $200 for a solicitor's fee.

Appellant has also assigned as error that part of the decree fixing said alimony at only $50 a month. The showing made by the evidence is such as neither party is entitled to a divorce from the bonds of matrimony or from bed and board. Therefore, the allowance to the wife without a legal separation can only be based on the power of the court to provide maintenance. Murray v. Murray, 238 Ala. 158, 189 So. 877; Ex parte Hale, 246 Ala. 40, 18 So.2d 713; Ex parte Mercer, 255 Ala. 3, 49 So. 2d 670. It is said that " 'maintenance, not beyond the husband's means, is all the law can enforce' ". Ex parte Taylor, 251 Ala. 387, 37 So.2d 656, 659. In fixing the amount the court will deal only with the income of the husband or his earning capacity. Murray v. Murray, 84 Ala. 363, 4 So. 239; Wallis v. Wallis, 240 Ala. 439, 199 So. 844; Taylor v. Taylor, 251 Ala. 374, 37 So.2d 645. When there is an absolute divorce, the amount of alimony is not controlled solely by the amount of the husband's income, and it may be set up as a monthly allowance. Colton v. Colton, 252 Ala. 442, 41 So.2d 398. We cannot say that the court erred in respect to that provision of the decree.

The decree should be reversed to the extent that it granted to appellee a divorce from the bonds of matrimony and one here rendered denying that relief, but it should be affirmed to the extent of directing payment to appellant of $50 a month as maintenance subject to the further orders of the court, and also affirmed to the extent that it did not grant appellant a divorce from bed and board. And the cause should be remanded to retain in the circuit court further jurisdiction as to the maintenance of appellant as conditions justify.

 The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed in part, and in part reversed, rendered and remanded.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and MERRILL, JJ., concur.