89 So.2d 737

Vernie Mae GROSS

v.

William Wallace GROSS.

I Div. 675.

Supreme Court of Alabama.

Sept. 13, 1956.

Mylan R. Engel and Mitchell Lattof, Mobile, for appellant.

Chason & Stone, Bay Minette, for appellee.

PER CURIAM.

This is an appeal by complainant (the wife) in a divorce suit by her against her husband (appellee) from a final decree granting a divorce to the husband on his cross bill alleging voluntary abandonment from bed and board for one year next preceding the filing of the bill of complaint, but awarding alimony to appellant.

Appellant complains that the decree granting a divorce to appellee on the ground of voluntary abandonment for one year next preceding the filing of the bill was not sustained by any aspect of the evidence. If so, there was error in so rendering it, although the evidence was taken orally before the trial judge.

The burden is upon appellee to prove such allegation in his cross bill. He did so testify in terms, as did some of their children. But all the evidence is consistent with the theory that the only abandonment consisted in removing to a different room in the same house and failure to discharge marital duties as a wife and housekeeper. In fact, it is noticeable that there is an entire absence of evidence that the abandonment did not consist wholly in such failure without a removal by either from the home which they occupied. Since the burden is on appellee, the presumptions arising from an absence of evidence are against

him. He must prove those facts which constitute a voluntary abandonment as it is interpreted by this Court. It has been held by this Court that voluntary abandonment by the wife of the husband is not shown to exist when the "conduct on her part which he contends was an abandonment of him by her was her moving into another bedroom in the home * * *, which she continued to occupy and the refusal of sexual relations from that time until the present". Caine v. Caine, 262 Ala. 454, 79 So. 2d 546, 547. The fact that she did not attend to other duties of a housewife would not serve to create a different result in that respect.

The same principle has been applied to that feature of section 22, Title 34, Code, which provides for a right to a divorce "when the wife has lived, or shall have lived separate and apart from the bed and board of the husband for two years and without support from him for two years next preceding the filing of the bill". Rogers v. Rogers, 258 Ala. 477, 63 So.2d 807. We have said that to constitute voluntary abandonment, " 'there must be a final departure, without the consent of the other party, without sufficient reason therefor, and without the intention to return.' " Perry v. Perry, 230 Ala. 502, 162 So. 101; Nelson v. Nelson, 244 Ala. 421, 14 So.2d 155; Webb v. Webb, 260 Ala. 426, 70 So.2d 639; Watkins v. Kidd, 261 Ala. 463, 75 So.2d 87.

The evidence shows that the parties had "ups and downs," as expressed by the witnesses, and did much fussing and had many contentions of various kinds. But all the indications are that they have lived in the same house, though in different rooms, until the 10th of April 1956. There is no voluntary abandonment while husband and wife occupy the same dwelling.

The decree denied a divorce to the wife (appellant) on the ground of cruelty. That is also assigned as error. We think the decree was erroneous in granting a divorce to appellee on the ground of voluntary abandonment. We prefer not to express an opinion as to the claim of appellant for a divorce on the ground of cruelty since the decree should be reversed. We think it should be reversed in all its parts and remanded for a new trial on both the original and cross bill. That also includes the award of alimony.

■ There is attached to the brief filed here on behalf of appellant an affidavit made by appellant, which questions the right of the trial judge to preside in this case because of an alleged relationship with the appellee which is within the prohibited degree. Section 6, Title 13, Code of 1940. But this matter was not raised in the trial of the cause and we cannot consider it here. If the averments of the affidavit be true and the matter is called to the attention of the conscientious trial judge on the retrial of this case, we are confident he will not preside at another trial.

It is not necessary to pass on contentions made in respect to the legality of some of the evidence in view of the Act of June 8, 1943, General Acts 1943, page 105: see pocket part Code, Title 7, section 372(1), nor to pass on the contention with respect to the amount of alimony.

The decree should be reversed in all its parts and the cause remanded for another trial.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.