159 So.2d 452

**BROADCAST SERVICE OF MOBILE, INC.**

v.

**LOCAL 1264, INTERNATIONAL BROTHER-HOOD OF ELECTRICAL WORKERS et al.**

**1 Div. 163.**

Supreme Court of Alabama.

Dec. 12, 1963.

Rehearing Denied Jan. 16, 1964.

———◇———

Stone & Howard and Kilborn, Darby & Kilborn, Mobile, for appellant.

Pierre Pelham, Mobile, and Adair, Goldthwaite & Stanford, Atlanta, Ga., for appellees.

SIMPSON, Justice.

This is an appeal from a final decree of the Circuit Court of Mobile County, Alabama, in Equity, dissolving a temporary injunction theretofore in effect and dismissing the cause on the ground that the court's jurisdiction was pre-empted by the National Labor Relations Act.

The action was commenced on September 4, 1962, by appellant by verified bill of complaint, which, among other things, prayed for a temporary restraining order, enjoining Local 1264, International Brotherhood of Electrical Workers, et al., from interfering with the conduct of appellant's business.

Appellant on February 10, 1963, filed a verified amended complaint alleging that the appellant, prior to August 1, 1962, purchased certain assets of Radio Station WAIP, Prichard, Alabama, and commenced operation of the station with a full complement of personnel. Around August 3, 1962, appellee demanded that appellant employ David Fridge as radio engineer and demanded that appellant recognize appellee as the collective bargaining representative of appellant's employees although none of the employees of appellant had designated the appellee as his collective bargaining representative. Appellant refused to terminate any of its employees in order to employ Fridge. On August 10, 1962, appellee began picketing appellant's office in Prichard, Alabama; none of the persons who picketed appellant had ever been employees of appellant. Appellee "since August 10, 1962, has by picketing, letters addressed to persons, firms and corporations and by personal contact sought to effect a boycott of complainant and to cause persons doing business with complainant to refrain from doing business with complainant". Since August 10, 1962, appellee by letter and personal contact induced customers of appellant to cancel advertising agreements with appellant. The object of the picketing and boycotting was to force and require appellant to bargain with appellee although appellee had

not been selected by any of appellant's employees for the purpose of collective bargaining; to force appellant to violate the Alabama Right to Work Act; to force appellant's employees to join the appellee; to force appellant to employ members of the appellee; to ruin the business of appellant and to require persons advertising over appellant's radio station to breach their advertising contracts with appellant. The complaint alleges that irreparable damage would be caused to appellant unless the picketing and related conduct is enjoined.

Appellee filed a plea in abatement to the jurisdiction of the court on the ground that the National Labor Relations Board had exclusive jurisdiction over the matters alleged in the complaint. The plea to the jurisdiction admitted that the appellee had by letter and by personal contact requested advertisers in Mobile, Alabama, to advertise over radio stations other than WSIM. After a hearing in open court on September 13, 1962, the trial court issued a temporary injunction upon the amended bill of complaint and affidavits submitted by the appellant and appellee. In its temporary injunction the court found:

"1. The picketing conducted by the respondent union and its agents is entirely peaceful and that there is no threat or apprehension of physical violence;

"2. The complainant has five employees none of whom belong to or desire the respondent union to represent them;

"3. The purpose of the respondent union's picketing, respondent union's letters addressed to 'All Merchants of the Mobile-Prichard Area' and personal contacts by representatives of the respondent union with advertisers over complainant's Radio Station is to require complainant to recognize the respondent union as the bargaining agent of complainant's employees or to require the complainant to employ a member of the respondent union as a radio

engineer at complainant's station located in Prichard, Alabama.

"The Court further finds that each of the objectives of the picketing is contrary to the public policy of the State of Alabama as expressed in the Alabama Right to Work Law and the common law of the State of Alabama.

"The Court further finds that the picketing, personal solicitation and solicitation by letter is causing irreparable damage to the complainant and the Court being of the opinion that the complainant's application for a temporary writ of injunction as prayed for in the amended bill of complaint should be granted."

In its answer to the amended complaint the appellee admitted that respondent since August 10, 1962, had by picketing, letters addressed to persons, firms and corporations and by personal contact sought to effect a boycott of complainant and to cause persons doing business with or desiring to do business with complainant to cease doing business with complainant or to refrain from doing business with complainant.

Appellee's answer further admitted that appellee by personal contact and by mail contacted advertisers of WSIM for the purpose of inducing them to cease advertising over radio station WSIM but sought to justify the action on the ground that it was protected in its activity under the National Labor Relations Act and the First and Fourteenth Amendments to the Constitution of the United States.

On May 23, 1963, after hearing in open court, the court entered an order dissolving the temporary injunction and dismissing the cause on the ground that jurisdiction of the Circuit Court of Mobile County, Alabama, was pre-empted by the National Labor Relations Act. This appeal followed.

While there are several assignments of error, only one question is presented: Did

the Circuit Court err in determining that it did not have jurisdiction of the subject matter?

Appellee argues that all of the acts and conduct alleged in the complaint are subject matter regulated by the National Labor Relations Act, as amended, and as to which the National Labor Relations Board has exclusive authority to adjudicate legalities and illegalities if the dispute affects interstate commerce. It is further argued that state courts are without authority to adjudicate the merits of a labor dispute as to which it is arguable that the Labor Relations Board would assert jurisdiction and that each case must be first submitted to that Board to determine in the first instance whether it will assert jurisdiction.

Appellant, on the other hand, argues that the entire field of labor relations has not been pre-empted by federal legislation; that there remains a substantial area in which the states may act, and that in fact the activity complained of here has been expressly left to the states by Congress through the enactment of an amendment to the Labor Management Relations Act of 1947, as amended in 1959 (29 U.S.Code Ann. § 164 [c] [1] and [2]), providing:

Section 164(c) (1):

"The Board, in its discretion, *may, by rule of decision* or by published rules adopted pursuant to the Administrative Procedure Act, *decline to assert jurisdiction over any labor dispute involving any class or category of employers, where, in the opinion of the Board, the effect of such labor dispute on commerce is not sufficiently substantial to warrant the exercise of its jurisdiction:* Provided, That the Board shall not decline to assert jurisdiction over any labor dispute over which it would assert jurisdiction under the standards prevailing upon August 1, 1959." [Emphasis supplied.]

Section 164(c) (2):

"Nothing in this subchapter shall be deemed to prevent or bar any agency or the courts of any State or Territory (including the Commonwealth of Puerto Rico, Guam, and the Virgin Islands), from assuming and asserting jurisdiction over labor disputes over which the Board declines, pursuant to paragraph (1) of this subsection, to assert jurisdiction."

We are constrained to agree with appellant. It seems to us that the National Labor Relations Board has, in the words of the above amendment, "declined to assert jurisdiction over any labor dispute involving" the class or category of employers to which appellant belongs, thus leaving such disputes within the jurisdiction of the state court. In support of this belief, we quote the following language from Raritan Valley Broadcasting Co., Inc. v. American Federation of Television & Radio Artists, New York Local (AFL–CIO), 122 NLRB, No. 16, Case No. 22–RC–190, which opinion was rendered by the National Labor Relations Board after a hearing before the full Board on November 14, 1958:

"Ever since the enactment of the National Labor Relations Act in 1935, the Board has consistently held to the position that it better effectuates the policies of the Act and promotes the prompt handling of cases not to exercise its jurisdiction to the fullest extent possible under the authority delegated to it by Congress. For the first 15 years the Board exercised its discretion in this area on a case-by-case basis. In 1950 the Board first adopted certain jurisdictional standards designed to aid it in determining where to draw the dividing line between exercised and unexercised jurisdiction. In 1954 the Board re-examined its jurisdictional policies in the light of its experience under the 1950 standards and revised its jurisdictional standards. At that time the Board noted that 'further changes in circumstances may again require future alterations of our determinations one way or another'. Consistent with this

practice of periodic review of its jurisdictional policies and a direct consequence of the Supreme Court's decision in P. S. Guss, d/b/a Photo Sound Products v. Utah Labor Relations [Board, 353 U.S. 1, 77 S.Ct. 598, 1 L. Ed.2d 601] denying to the States authority to assert jurisdiction over enterprises as to which the Board declines to exercise its statutory jurisdiction, the Board reexamined its existing jurisdictional policies and the standards through which such policies were implemented. As a result the Board determined to revise its jurisdictional policies at this time so that more individuals, labor organizations and employers may invoke the rights and protections afforded by the statute. In Siemons Mailing Service the Board fully set forth the general considerations which persuaded it that this could best be accomplished by the utilization of revised jurisdictional standards as an administrative aid in making its jurisdictional determinations. The Board has chosen this case to set forth the revised standard to be applied to enterprises operating communication systems.

"The Board has decided that it will better effectuate the policies of the Act to assert jurisdiction in all future and pending cases involving enterprises engaged in the operation of radio or television broadcasting stations or telephone or telegraph systems which do a gross volume of business of at least $100,000 per annum.

"In adopting this standard the Board has given due consideration to all relevant budgetary factors bearing on its capability to handle an increased caseload, and to comments and briefs of interested parties received in response to its invitation contained in the Board's July 22, 1958, press announcement of its proposed changes in jurisdictional policies. It is the Board's opinion that in the light of its current budgetary limitations and the volume of cases which may be expected under its other standards, the $100,000 gross volume of business standard will extend the Board's jurisdiction over communications systems to the maximum possible extent at this time and will reasonably ensure that the Board will assert jurisdiction over all labor disputes involving such enterprises which tend to exert a pronounced impact on commerce."

█ The record clearly shows, and it is apparently undisputed, that appellant's gross volume of business per annum is considerably below the $100,000 standard established by the Board. Congress saw fit to amend the Labor Management Relations Act as set forth above following the pronouncement of the Supreme Court of the United States in the Guss case, supra.

█ Appellee argues that affiliated enterprises of the majority and controlling stockholders of appellant should be considered by the Board for determining whether the jurisdictional standards are met and insists that the court must base its jurisdiction on a consideration of what the Board would do under the facts of this case, and that in any event the case must first be submitted to that body. We cannot agree. We have recently stated that:

"* * * the authority is clear to the effect that every court of general jurisdiction has judicial power to determine the question of its own jurisdiction." See Alabama Highway Express, Inc. v. Local 612, etc., 268 Ala. 392, 397, 108 So.2d 350, 354, and cases there cited.

█ It is equally clear that the law of this state is settled to the effect that every reasonable intendment, not contradicted by the face of the pleadings, will be made in favor of the jurisdiction of the Circuit

Court and plea to the jurisdiction of the Circuit Court must allege facts which exclude every condition under which jurisdiction may be lawfully exercised. Atlantic Coast Line R. Co. v. Ballard, 202 Ala. 354, 80 So. 436. Here the appellee's plea failed to allege that the appellant's gross business exceeded $100,000 per annum which, if proven, would exclude the court's jurisdiction under § 164(c) (1), Labor Management Relations Act of 1947, as amended, supra. On this basis we believe the learned trial court erred in dismissing the temporary injunction on the ground that the court's jurisdiction was pre-empted.

Appellee argues that Alabama Highway Express, Inc. v. Local 612, etc., supra, must be overruled in light of the pronouncement of the Supreme Court of the United States in Local No. 438 Construction and General Laborers' Union v. Curry, 371 U.S. 542, 544, 83 S.Ct. 531, 9 L.Ed.2d 514.

Inasmuch as we believe that the jurisdiction of the Circuit Court in this case is preserved by § 164(c) (1), Labor Management Relations Act, supra, and by the express declination of the National Labor Relations Board to assert its jurisdiction in cases involving small radio stations, of which appellant is concededly one, we can see no need at this time to determine whether the court's jurisdiction would have been pre-empted had the appellant sought the court's jurisdiction only on the basis of facts claimed to have been in violation of this state's Right To Work Law.

It should be made very clear that we have made no attempt to decide the merits of this case, but simply hold that the trial court erred in its determination under the undisputed facts that it had no jurisdiction over the subject matter involved.

Reversed and remanded, with directions that the temporary restraining order be reinstated.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.