201 So.2d 56

**Robbie Morgan FOUTS**

v.

**Oscar Newton FOUTS.**

**7 Div. 722.**

Supreme Court of Alabama.

June 29, 1967.

Gallion, Hare & Anderson, Montgomery, L. P. Waid, Oneonta, for appellant.

Embry & Robinson, Pell City, Gerald C. Swann, Ashville, for appellee.

COLEMAN, Justice.

The wife appeals from decree granting divorce to the husband on the ground that the wife did voluntarily abandon the bed and board of the husband for one year next preceding the filing of the husband's bill of complaint on March 8, 1965. § 20, Title 34, Code 1940.

The wife contends that the court erred in granting a divorce to the husband because the evidence does not support the charge that she had abandoned the husband for one year next preceding March 8, 1965.

Because consideration of this contention is decisive of the appeal, we will not discuss other errors assigned by the wife.

The husband contends that the wife abandoned him on February 9, 1964, which was more than one year before the bill was filed on March 8, 1965.

Appellant has stated the facts in her brief, including a statement of the testimony of each witness in narrative form as required by Supreme Court Rule 9. Appellee states in brief that he " * * * would like to adopt by reference the appellant's statement of facts as set forth in his (sic) brief and argument to this Court." Appellee states further that " * * * there are some points to which appellee would like to call the Court's attention."

We have carefully considered those points which appellee calls to our attention. We understand, however, that the pertinent facts, shown by the testimony as stated in the briefs, are as follows.

On February 9, 1964, the parties had a quarrel, but, nevertheless, the parties continued to live as before until March 30, 1964, when their daughter moved out of the house. After the quarrel on February 9, 1964, the husband continued to live in the house and slept in his room with the doors locked as had been his practice for some time. He testified that he was in and out of the house until Mother's Day in 1964.

Over the wife's objection, the husband offered in evidence the transcript of testimony taken in a prior suit between these same parties. The transcript in the prior suit shows that on June 1, 1964, the husband testified as follows:

"Q Now then, when did you and Mrs. Fouts separate?

"A Well, I don't know the exact date; I don't recall the exact date.

"Q You didn't leave the house until after you filed the divorce suit, did you?

"A What do you mean; *I haven't left the house for good yet.*

"Q I see. So, even after the divorce petition was filed and your clothes were still there you slept there, did you not?

"A No, sir, I have slept there but it was when I would come in off the road and my mother would be asleep. I have slept on the table over at the plant over here.

"Q But you have slept in the home there also?

"A Yes, sir, with the doors locked and when that wouldn't lock I tied them with a coat hanger.

"Q You mean you locked Mrs. Fouts out where you were sleeping?

"A Yes, sir." (Emphasis Supplied.)

■ Without deciding whether the wife had abandoned the husband or he had abandoned her, we are clear to the conclusion that these parties did not separate until two or more months after March 8, 1964. By the husband's own testimony, there was no living separate and apart for one year next preceding the filing of his bill of complaint.

■ Living separate and apart is an essential element of voluntary abandonment. Caine v. Caine, 262 Ala. 454, 79 So.2d 546.

■ To constitute voluntary abandonment, there must be a final departure, without the consent of the other party, without sufficient reason therefor, and without the intention to return. Gross v. Gross, 265 Ala. 58, 89 So.2d 737.

In Gross v. Gross, supra, this court said:

"The evidence shows that the parties had 'ups and downs,' as expressed by the

witnesses, and did much fussing and had many contentions of various kinds. But all the indications are that they have lived in the same house, though in different rooms, until the 10th of April 1956. There is no voluntary abandonment while husband and wife occupy the same dwelling." (265 Ala. at page 59, 89 So.2d at page 738)

We are of opinion that the evidence does not support the charge of voluntary abandonment for one year, and, therefore, that the court erred in granting divorce to the husband.

The decree should be reversed to the extent that it granted to the husband a divorce from the bonds of matrimony and one here rendered denying that relief, but it should be affirmed to the extent that it orders the husband to pay $175.00 per month as maintenance for the wife. Caine v. Caine, supra.

The decree is also affirmed in ordering the husband to provide a place of residence for the wife. We are not prepared to decide at this time whether the husband should be required to furnish, for this purpose, the house in which the wife has been living. He should be required to furnish for her a house suitable to her condition in life according to the circumstances of the case. The parties may proceed to a determination of this issue in the trial court.

The cause should be remanded to retain in the circuit court jurisdiction as to the maintenance of the wife as conditions justify. Murray v. Murray, 238 Ala. 158, 189 So. 877.

The trial court's allowance of $200.00 for attorneys' fee for the wife in the trial court is affirmed.

The attorneys for the wife are likewise entitled to a reasonable fee for their services on appeal. According to the circumstances shown, we are of opinion that a reasonable fee for the wife's attorneys on the appeal in this court would be $200.00 and it will be so ordered. Davis v. Davis, 255 Ala. 488, 493, 51 So.2d 876.

All costs in the trial court and in this court are taxed against the appellee.

Affirmed in part, and in part reversed, rendered, and remanded.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.