119 N.J. Super. 190 (1972)
290 A.2d 741
ETHEL MAE WANSER, PLAINTIFF,
v.
IRVING WANSER, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided April 24, 1972.
*191 Edward Jasie, appearing for Newark Legal Services Project attorney for plaintiff.
HARTMAN, J.C.C. (temporarily assigned).
The wife in this default action seeks an absolute divorce from her husband under the recently enacted 18-month separation statute, N.J.S.A. 2A:34-2(d).
This section, which became effective on September 13, 1971, permits a divorce between spouses who "have lived separate and apart in different habitations for a period of at least 18 or more consecutive months and there is no reasonable prospect of reconciliation * * *." After such period of time the act establishes a presumption that there is no reasonable prospect of reconciliation. The legislative intent here was to establish a no-fault ground for divorce in New Jersey to accord with public policy that "dead marriages should be legally terminated." See Final Report to the Governor and the Legislature of the Divorce Law Study Commission (May 11, 1970) 73.
The parties were married in Alabama in 1948 and separated in 1958 after having established a matrimonial domicile in New Jersey. Both parties have been bona fide residents of this State ever since.
Plaintiff's only corroboration of the cause of action comes from a male witness whose testimony, along with plaintiff's, establishes that they have been committing adultery for the past eight years; that she lives in a home owned and occupied by her paramour; that they intend to marry in the event a divorce is granted and, pointedly, that she and her *192 husband have during those eight years lived in different habitations, separate and apart.
I find this type of corroboration sufficient to warrant the granting of a divorce under the separation ground. It is not inconsistent with the legislative policy. I can thnk of no stronger proof under these circumstances that the marriage between her and her husband is dead. She is now given an opportunity to legitimate the present relationship she has established. Had there been children born of that relationship, such children would become legitimate following a civil or religious marriage. N.J.S.A. 2A:34-20; L. 1971, c. 212, § 7 as amended. We have no problem in this setting with the doctrine of recrimination, which was abolished as a defense by N.J.S.A. 2A:34-7 as enacted under the present statute. See also X v. Y, 103 N.J. Super. 218 (Ch. Div. 1968); C. v. C., 54 N.J. 223 (1969).
Judgment of divorce is granted to plaintiff.