270 So.2d 800

**BAGGETT TRANSPORTATION COM-
PANY, a corporation**

v.

**INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, etc., et al.**

**6 Div. 256.**

Supreme Court of Alabama.

Sept. 28, 1972.

Rehearing Denied Jan. 11, 1973.

Lange, Simpson, Robinson & Somerville and Robert McD. Smith, Birmingham, for appellant.

Corretti, Newsome, Rogers & May, Birmingham, Hawkins, Rhea, Keener & Cusimano, Gadsden, for appellees.

## PER CURIAM.

This is an appeal from a final decree of the Circuit Court of the Tenth Judicial Circuit, in equity, dissolving a temporary injunction and dismissing the bill of complaint on the ground that the courts of this state lack jurisdiction of the subject matter.

Baggett Transportation Company filed a verified bill of complaint seeking a restraining order or temporary injunction directed to the Teamsters and certain individuals, all of whom were alleged to be picketing Baggett's place of business. The complaint alleged that the only dispute involved was between Baggett and various independent contractors, who had entered into written contracts with Baggett under which these individuals had agreed to furnish certain equipment and to perform certain services. The complaint alleged that the individual respondents, who were picketing and with whom there might have been some dispute, were "independent contractors" under the National Labor Relations Act [29 U.S.C.A. § 152(3)] and not "employees" covered by the provisions of that act.

The bill of complaint asserted that the picket line, located only at Baggett's principal place of business, was designed to have and had the effect of interfering with the performance by other independent contractors of their agreements with Baggett. The bill further alleged that Baggett employees, as distinguished from independent contractors, were subject to the terms and conditions of a collective bargaining agreement which contained a "no-strike" clause, and that the picketing was partially for the purpose of causing a breach of that agreement. These employees are members of a

union other than the Teamsters Union. The gravamen of the bill was that a number of independent contractors acting in concert and collusion with each other and the Teamsters had (1) refused to perform their agreements with Baggett; (2) through the medium of a picket line at Baggett's terminal, had sought to induce other independent contractors to breach their agreements and had intentionally interfered with third parties who normally did business with Baggett; and (3) had sought to induce Baggett employees to breach their collective bargaining agreement with Baggett.

. The circuit court issued its order granting a temporary injunction and the picketing ceased. The following day, the Teamsters filed a pleading denominated a "Plea in Abatement" attacking the jurisdiction of the court on the ground that the matters complained of in the bill of complaint had been preempted by passage by Congress of the National Labor Relations Act, 29 U.S. C.A. § 141 et seq. Specifically, the Teamsters claimed that the conduct which Baggett complained of was "regulated by Section 8(b)(1) and Section 8(b)(4)(A) of said Act. . . ."

Thereupon, the court below dismissed the bill. On motion, this court reinstated the temporary writ of injunction pending appeal.

The single question raised by this appeal is whether the court below has jurisdiction of the matter presented by the bill of complaint or whether, as argued by the appellees, Congress has preempted the field and vested exclusive jurisdiction in the National Labor Relations Board.

While there have been many cases since the adoption of the Taft-Hartley Act, San Diego Building Trades Council etc. v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775, is conceded to be the keystone case from the Supreme Court of the United States setting forth the current principle by which to test whether the Congress has displaced the states' power under that Act. The *Garmon* case held that:

". . . . When an activity is arguably subject to § 7 or § 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted. . . . ." (359 U.S. at 245, 79 S.Ct. at 780)

■ Appellees, relying on this case and others since, contend that the matters asserted by the bill of complaint here address themselves to the particular competence of the National Labor Relations Board and must be left there by the state courts. The trial court agreed and dismissed the bill on motion. We find ourselves in disagreement. The allegations of the bill have not been controverted. The allegations are that primary picketing by persons described as "independent contractors" was taking place at the principal place of business of complainant, the purpose of which was to induce other independent contractors to breach their agreements with Baggett, to interfere with third persons who normally do business with Baggett, and to induce Baggett employees to breach their collective bargaining agreement with Baggett. We are not confronted then with a labor dispute between complainant and its employees, at least under the uncontradicted allegations of the bill of complaint. In 1947, the Congress amended the National Labor Relations Act to specifically exclude from its coverage matters affecting independent contractors. 29 U.S.C.A. § 152(3). The bill alleges that the individual respondents are independent contractors. When tested by a motion to dismiss (here plea in abatement), the jurisdiction of the court must be determined from the allegations of the verified bill. In that posture, we think this case is controlled by Alabama Highway Express, Inc. v. Local 612, etc., 268 Ala. 392, 108 So.2d 350. There

the precise question involved here was before this court, which said:

"It is the contention of appellant that where independent contractors, and not employees, are involved, the National Labor Relations Board has no jurisdiction and the state courts are therefore left free without limitation by the so-called 'preemption' doctrine. . . . .

"The verified bill of complaint with the attached affidavits and the plea in abatement to the jurisdiction of the court were the only pleadings in the cause. Every reasonable intendment, not contradicted by the face of the pleadings, will be made in favor of the jurisdiction of the Circuit Court. Hence a plea in abatement to the jurisdiction must allege facts which exclude every condition under which jurisdiction may be lawfully exercised by that court. Atlantic Coast Line R. Co. v. Ballard, 202 Ala. 354, 80 So. 436.

"The trial court apparently believed that the power to determine jurisdiction in a case of this sort had been laid exclusively in the National Labor Relations Board. And an oral argument counsel for appellees contended that whether the lease operators in this case were in fact 'employees' or 'independent contractors', a matter to be discussed later, was first to be determined by the N.L.R.B.—that the courts of this state may not decide this question for themselves.

. . . . . . .

"But the authority is clear to the effect that every court of general jurisdiction has judicial power to determine the question of its own jurisdiction. Stoll v. Gottlieb, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104; Texas & Pacific Railway Co. v. Gulf, Colorado & Sante Fe Railway Co., 270 U.S. 266, 46 S.Ct. 263, 70 L.Ed. 578; Ex parte Board of Education of Blount County, 264 Ala. 34, 84 So.2d 653; Crump v. Knight, 256 Ala. 601, 56 So.2d 625; Ex parte Union Planters Nat. Bank & Trust Co. of Memphis,

Tenn., 249 Ala. 461, 31 So.2d 596; Ex parte Textile Workers Union of America, 249 Ala. 136, 30 So.2d 247; Goodman v. Winter, 64 Ala. 410; 14 Am.Jur. 368, § 168.

"We have received what we believe to be a relatively recent reaffirmation of this principle by the United States Supreme Court in the case of Amalgamated Clothing Workers of America v. Richman Brothers Co., 348 U.S. 511, 75 S.Ct. 452, 458, 99 L.Ed. 600, which involved the doctrine of federal preemption, where Justice Frankfurter, speaking for the Court, observed:

" 'In any event, if resort to a state court may not be circumvented by the power of the Board to entertain such a complaint, we are bound to repeat that, insofar as a penumbral region must remain between state and federal authority touching industrial relations until finally clarified by definitive rulings here or further legislation by Congress, state litigation must, in view of § 2283 [28 U.S.C., § 2283], be allowed to run its course, including the ultimate reviewing power in this Court.' "
(268 Ala. at 396, 397, 108 So.2d at 354)

■ While the above pronouncement preceded the pronouncement in *Garmon*, supra, we do not think that the *Garmon* test compels the conclusion that, under the allegations of the bill before us, exclusive jurisdiction is in the National Labor Relations Board. Rather, we think that since Congress has expressly excluded "independent contractors" from the group to which it extends the protection of the National Labor Relations Act, matters predicated on disputes between them and those with whom they contract are specifically not subject to the act; and such disputes, therefore, cannot be "arguably" subject to the same.

■ Of course, it may develop on a hearing of this case that the individual re-

**670**

spondents arc not "independent contractors" as defined by the Congressional Act. However, we arc dealing with a verified, uncontroverted allegation that they arc; hence, for purposes of determining jurisdiction of the court below, the doctrine of preemption has no place.

The decree appealed from is reversed and remanded.

Reversed and remanded.

MERRILL, COLEMAN, HARWOOD, BLOODWORTH, MADDOX and Mc-CALL, JJ., concur.