124 N.J. Super. 462 (1973)
307 A.2d 637
BETTY BALLARD, PLAINTIFF,
v.
RICHARD A. BALLARD, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided July 6, 1973.
*463 Mr. Alexander Kushner for plaintiff (Messrs. Tulipan & Indursky, attorneys).
CONSODINE, J.S.C.
Plaintiff and defendant live in separate quarters in one building of a multiple-apartment complex. The proof and corroboration satisfy the requirements of N.J.S.A. 2A:34-2(d) in all regards except as the construction of the statutory phrase, "in different habitations", may affect the result.
There are no reported cases in this State covering this unique factual situation.
The Divorce Law Study Commission's Final Report does not solve the present problem. In its comment on the no-fault ground of separation, it states (at 71-72): "The separation, unlike the cessation of cohabitation under the desertion ground, cannot take place under the same roof." (Emphasis added). See also, Comments, "No-Fault Divorce: Modernization Long Overdue For New Jersey," 2 Seton Hall L. Rev. 63, 88 (1970). Yet Appendix II of the same report deals (at 114) with "Living Apart As a Ground for Divorce" (Italics added).
*464 Subdivision (d) of the statute, supra, did not adopt the Final Report language of "under the same roof" but rather "separate and apart in different habitations."
Habitation is defined as "occupancy," "dwelling place," "residence," "abode." Webster's Third New International Dictionary (1961 ed.) While the word has a Latin root, it seems that the Legislature's intent is closely related to the French legal phrase Habiter avec, "to cohabit." The New Cassell's French Dictionary (1967 ed.), 394.
In reviewing the cases of other jurisdictions, this court found certain criteria to be used in determining whether or not the parties were in different habitations or, more precisely, whether or not they had ceased to cohabit as husband and wife. Di Rienzo v. Di Rienzo, 119 N.J. Super. 192 (Ch. Div. 1972). The criteria are a complete cessation of all marital duties and relations and the living separate and apart of husband and wife in such a manner that those in the neighborhood may see that they are not living together, Rogers v. Rogers, 258 Ala. 477, 63 So.2d 807 (Sup. Ct. 1953); Young v. Young, 225 N.C. 340, 34 S.E.2d 154 (Sup. Ct. 1945). Living in separate apartments in the same apartment house has been held to be living separate and apart. Stewart v. Stewart, 45 R.I. 375, 122 A. 778 (Sup. Ct. 1923). The essential thing is separate lives, not separate roofs. Boyce v. Boyce, 80 U.S. App. D.C. 355, 153 F.2d 229 (D.C. App. 1946).
In Di Rienzo, supra, the criteria were not met and divorce under N.J.S.A. 2A:34-2(d) was denied. In Dunston v. Dunston, 124 N.J. Super. 214 (Ch. Div. 1973), divorce was denied because the resumed cohabitation of the parties, after a long period of separation, was of sufficient duration to create a reasonable prospect of reconciliation, and the parties has resumed their marital duties and relations. Rogers, supra. A transitory cohabitation which does not amount to a true reconciliation would not destroy a cause of action on the ground of separation. Brittner v. Brittner, *465 124 N.J. Super. 259 (Ch. Div. 1973) Query, how many cohabitations destroy the cause of action?
In our present society where space is at a premium and high-rise living a common place, it is not at all unusual to have hundreds, even thousands of individuals living in one building with an identical address yet still living in separate dwellings while technically "under the same roof." Obviously it was not the legislative intent to impose a technicality to refuse a divorce when public policy is settled that dead marriages should be legally terminated. Wanser v. Wanser, 119 N.J. Super. 190 (Ch. Div. 1972) "Habitation," as set forth in the statute, is intended to mean living separate and apart in one's own private abode and a single dwelling can house multiple abodes.
Here, there was neither a resumption of cohabitation nor a prospect of reconciliation.
Divorce granted.