# RIBET vs. RIBET.

[BILLS IN EQUITY FOR DIVORCE.]

1. *Evidence outside of issue allowable.*—In suits for divorce, the interests of the public as well as of the parties being involved, the court may receive and act upon evidence showing misconduct on the part of the plaintiff, although such misconduct is not brought forward and relied on in the answer.

2. *Reciprocal causes of divorce defeat each other.*—A suit for divorce, on any one of the statutory grounds, (Code, §§ 1961-63,) may be defeated by proof of the existence of another statutory ground in favor of the defendant; and such reciprocal causes of divorce being proved, under separate bills, the court will not grant a divorce to either party.

APPEAL from the Chancery Court at Mobile.
Heard before the Hon. N. W. COCKE.

THE original bill in this case was filed, on the 26th June, 1862, by Mrs. Elizabeth Ribet, suing by her next friend, and sought a divorce from her husband, Etienne J. Ribet, on the ground of cruelty; and on the 2d July, 1862, an original bill was filed by the husband, asking a divorce from the wife on the ground of adultery. The two causes were brought to a hearing together, on pleadings and proof, when the chancellor dismissed both bills, holding that neither party was entitled to a divorce. Each party appeals from this decree, and the dismissal of each bill is assigned as error by the complainant therein.

DARGAN & TAYLOR, for Mrs. Elizabeth Ribet.
G. Y. OVERALL, and JNO. A. ELMORE, for E. J. Ribet.

PHELAN, J.—These cases stand so connected with each other that they can most properly be considered together. Mrs. Ribet, the wife, proceeds for a divorce from the bonds of marriage, on the ground of cruelty by her husband; and Mr. Ribet, the husband, in his bill proceeds upon the

Ribet v. Ribet.

ground of adultery by the wife. The proof, we think, establishes the main allegations of the bill in both cases, and, if the matter rested there, would justify a decree in favor of each against the other.

But the courts are required always to bear in mind, that these matrimonial suits are of a triangular character. Besides the parties complainant and respondent, the public—the community at large—is considered as having a special interest in them, involving the due maintenance of social order, and therefore constitutes a sort of third party to all suits for divorce.—Bishop, §§ 314, 382.

The introduction of this principle has led necessarily to certain modifications of the general rules by which suits are prosecuted and defended. As a general rule, a complainant in chancery must recover upon the allegations made in his bill; and neither he nor the respondent will be allowed to make proof of facts not fairly embraced within the allegations of the bill and answer respectively. The counsel for Mrs. Ribet has invoked the benefit of this rule in her case. The respondent, her husband, has no right, she insists, to recriminate against her the offense of adultery, because he does not allege it in his answer. The language of the answer, in relation to that matter, we are inclined to think, does not amount to an allegation; but, under the force of the doctrine we are now considering, that will not help her case, or preclude the court from hearing proofs, or even instituting an inquiry to ascertain whether such be the fact or not. The court is bound to act for the public in such cases, and so has the right to hear proofs not strictly within the allegations of the bill and answer. No one deserves to succeed in a suit to dissolve the bonds of marriage, that foundation upon which the whole framework of civilized society may be said to rest, who does not come into court without great blame; and it is the right and the duty of the court to be governed by the facts of the case going to establish its true character, no matter how they may be elicited. Bishop says: "A maxim in these suits, therefore, is, that a cause is never concluded as against the judge; and the court may, and, to satisfy its conscience, sometimes does, of its own motion go into

inquiry of matters not involved in the pleadings." —Bishop on Mar. and Divorce, § 314; see, also, *Smith v. Smith,* 4 Paige, 432.

This disposes of the only objection to the proof going to establish the fact of the adultery of Mrs. Ribet; and as the proof on that point is sufficient to satisfy us that she acted towards her husband as an adulteress, we cannot award to her a divorce for his cruelty; and on the other hand, as the proof is equally clear that he was guilty towards her of cruelty, we must deny to him a divorce on account of her adultery.

In view of the provisions of the Code of Alabama, on the subject of divorce, and the general current of authority, we hold the doctrine, that any one of the statutory causes for a divorce may be set up in bar of a bill for a divorce *a vinculo* predicated on any other of the statutory causes. Barbour on M. and D. § 396 *et seq.*; 12 Md. 53. Thus, if the husband proceeds for a divorce on the ground of adultery of the wife, she may defeat his suit by alleging and proving that he himself was guilty of such cruelty towards her as would otherwise have entitled her to a decree for a divorce as against him; and so *vice versa*, if she proceed on the ground of his cruelty, he may reply in bar that she was guilty of adultery. And, as has been already shown, if such bar is not actually set up and relied on in the answer of either party, and the proofs in the case nevertheless show the fact to exist, the court is authorized and required to hear such proof, and be governed accordingly. If both are guilty of such want of fidelity to their matrimonial vows, whether in one way or another, as goes to show that neither is strictly an "aggrieved" party, the court will not disturb the binding force of that great bond of society, the marriage contract. This is the character of the case now before us, and we shall therefore affirm the decree of the chancellor dismissing both the bills.

Before closing this opinion, it may be proper to remark, that the record in this case furnishes no sufficient evidence that the ill-treatment of the husband was induced or provoked by the adulterous conduct of the wife. Whether, if

the proof were satisfactory to that point, the decision in the case of the husband would be different, we express no opinion.

The decree of the chancellor is affirmed.