(84 South. 801)

STABILE v. STABILE. (6 Div. 969.)

(Supreme Court of Alabama. Jan. 15, 1920. On Rehearing, Feb. 5, 1920.)

1. DIVORCE ☞54—RECIPROCAL GROUNDS DEFEAT SUIT.

A divorce will not be granted complainant where there exists another statutory ground for divorce in favor of defendant, and even where such reciprocal grounds are both proven under separate bills the court will not grant a divorce to either party.

. On Rehearing.

2. DIVORCE ☞186—BILL DISMISSED WITHOUT PREJUDICE IN VIEW OF CIRCUMSTANCES OF CASE.

Where in suit for divorce both parties proved a ground for divorce, the suit will be dismissed on appeal, but, in view of the circumstances and extreme youth of wife when she married defendant, dismissal will be without prejudice.

Appeal from Circuit Court, Jefferson County; Horace C. Wilkerson, Judge.

Bill by Frances Stabile against Sam Stabile for divorce. Decree for complainant, and respondent appeals. Reversed, and bill dismissed without prejudice.

C. D. Powell, of Birmingham, for appellant. The court erred in granting the divorce. 39 South. 679; 39 Ala. 348; 27 Ala. 222; 14 Cyc. 648.

Palmer Daugette, of Birmingham, for appellee. The evidence was sufficient to sustain the decree. 23 Ala. 785; 44 Ala. 437; 17 Cent. Dig. § 172.

McCLELLAN, J. The appellee was granted a divorce a vinculo from the appellant on the ground—the only one insisted upon—

that the husband (appellant) had "committed actual violence on her person, attended with danger to life or health, and that from his conduct there is reasonable apprehension that he will do her bodily violence"—a charge referable, in a way, to Code, § 3795.

[1] It appears from a careful review of the whole evidence that the complainant (appellee) did not discharge the burden of proof to establish the charge of cruelty, or danger to life or health, from the acts of the appellant. The distinct weight of the legally admissible, credible evidence was opposed to the charge preferred as ground for divorce. Furthermore, it was proven that complainant (appellee) was guilty of adultery after she left appellant at Cleveland, Ohio, which appears to have occurred before Christmas, 1917, and that a child was born to her in October, 1918. She testified on her cross-examination that she did "not know whether or not the respondent, my husband, is the father of my baby. * * * I do not know who is the father of this child." A divorce will not be granted a complainant where there exists another statutory ground for divorce in favor of the defendant; and even where such reciprocal causes of divorce are both proven, under separate bills, the court will not grant a divorce to either party. Ribet v. Ribet, 39 Ala. 348–350. This decision is in immediate point.

The decree appealed from is reversed, and a decree will be here rendered dismissing the complainant's (appellee's) bill.

Reversed and rendered.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

On Rehearing.

McCLELLAN, J. The argument in support of the application for rehearing has been considered in the light of a re-examination of the record. Of course, the review on appeal is restricted to the record of the cause in the trial court, and no subsequently occurring fact or action elsewhere can be considered. The court remains convinced of the correctness of both the conclusions of fact and of law stated in the foregoing opinion. It would serve no desirable purpose to note and further comment upon the evidence requiring the prevailing conclusions of fact. There being no foundation in the record for the view that collusion to secure a divorce, within the purview of Code, § 3799, characterized the conduct or statements of these parties, none of the provisions of Code, § 3799, have any application to this cause. The progenitor of Code, § 3799, was section 1966 of the Code of 1852. That was the statute in effect when Ribet v. Ribet, 39 Ala. 348, cited in the original opinion, was decided. This was then held, most pertinently to the

present circumstances, with particular reference to the Code:

"In view of the provisions of the Code of Alabama on the subject of divorce, and the general current of authority, we hold the doctrine that any one of the statutory causes for a divorce may be set up in bar of a bill for a divorce a vinculo predicated on any other of the statutory causes. Barbour on M. and D. § 396 et seq.; 12 Mo. 53. Thus, if the husband proceeds for a divorce on the ground of adultery of the wife, she may defeat his suit by alleging and proving that he himself was guilty of such cruelty towards her as would otherwise have entitled her to a decree for a divorce as against him; and so, vice versa, if she proceed on the ground of his cruelty, he may reply in bar that she was guilty of adultery. And, as has been already shown, if such bar is not actually set up and relied on in the answer of either party, and the proofs in the case nevertheless show the fact to exist, the court is authorized and required to hear such proof, and be governed accordingly. If both are guilty of such want of fidelity to their matrimonial vows, whether in one way or another, as goes to show that neither is strictly an 'aggrieved' party, the court will not disturb the binding force of that great bond of society, the marriage contract."

[2] Independent of the application for rehearing (it makes no reference to this matter) we have reconsidered the decree of unqualified dismissal ordered originally to be entered. The authority of this court in the premises is ample. Code, § 5955, subd. 1; Gen. Acts 1915, p. 824. The whole circumstances disclosed by the record, particularly the extreme youth of the wife, appellee, at the time she was married to appellant, convince this court that a qualified dismissal of the bill—dismissal without prejudice—will better serve the ultimate purposes of an wholesome justice and avoid the concluding finality (Lang v. Waring, 25 Ala. 625, 639, 60 Am. Dec. 533) that unqualified dismissal would effect. The decree heretofore ordered entered will be so modified as to reverse the decree entered in the court below and dismiss the complainant's bill but without prejudice.

The application for rehearing is overruled.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur in the opinion and in the modification stated.