69 So.2d 250

**DOWNS v. DOWNS.**

**1 Div. 575.**

Supreme Court of Alabama.

Dec. 17, 1953.

Wm. C. Taylor, Mobile, for appellant.

Harry Seale, Mobile, for appellee.

LAWSON, Justice.

The appellant, Mrs. Clara Louise Downs, filed her bill in the circuit court of Mobile County, in equity, against her husband, Fred Lynch Downs, seeking a divorce from bed and board *(a mensa et thoro),* alimony, adjustment of property rights, and counsel fees.

Complainant charged in her bill that respondent was guilty of adultery. The respondent husband in his answer, while denying that he was guilty of adultery, charged that complainant had committed acts of adultery with her former husband and also charged that she was guilty of cruelty. The respondent made his answer a cross-bill and prayed that he be granted an absolute divorce *(a vinculo matrimonii).*

Upon final submission the trial court granted the respondent-cross complainant an absolute divorce, awarded the complainant-cross respondent the equity in the home of the parties and the furnishings therein, allowed her counsel fees in the sum of $75, but denied her prayer for alimony.

The complainant-cross respondent, Mrs. Clara Louise Downs, dissatisfied with the provisions of the decree awarding an absolute divorce to her husband, has prosecuted this appeal and assigns such action as error upon the record.

The decree appealed from does not show whether the divorce granted in favor of the husband was on the ground of adultery or on the ground of cruelty or on both grounds.

The appellant contends that the evidence before the court was not sufficient to justify a decree of divorce in favor of the husband on either ground set up in his cross-bill.

We are clear to the conclusion that the evidence fell far short of authorizing a divorce in favor of the husband on the ground of the adultery of the wife. And counsel for the husband, the appellee here, does not seek to sustain the decree of the trial court on that ground.

However, we are of the opinion that the evidence adduced on behalf of the husband was sufficient to justify a decree of divorce in his favor on the ground of cruelty. It is true that the appellant denied that she had ever committed any act of cruelty toward her husband, but the evidence was heard *ore tenus* before the trial judge and the usual presumptions in favor of his finding must be indulged by this court.

The appellant next insists that even though the evidence on behalf of the husband did show acts of cruelty on her part, nevertheless the trial court was in error in awarding the husband the divorce for the reason that her evidence showed that he was guilty of such cruelty toward her as would entitle her to a divorce.

The rule is, of course, well settled that in a suit for divorce where both parties prove a ground for divorce, the court will not grant a divorce to either. Ribet v. Ribet, 39 Ala. 348; Stabile v. Stabile, 203 Ala. 635, 84 So. 801; Stephens v. Stephens, 233 Ala. 178, 170 So. 767; Lyall v. Lyall, 250 Ala. 635, 35 So.2d 550; Butler v. Butler, 254 Ala. 375, 48 So.2d 318; Chamblee v. Chamblee, 255 Ala. 35, 49 So.2d 917; Ex parte Lewis, 255 Ala. 650, 53 So.2d 328.

It was not necessary for appellant, in order to defeat appellee's suit for divorce, to aver in her pleadings that appellee had been guilty of such cruelty toward her as would entitle her to a decree for divorce as against him. Ribet v. Ribet, supra; Powell v. Powell, 80 Ala. 595, 1 So. 549. See Wilkinson v. Wilkinson, 133 Ala. 381, 32 So. 124.

However, we cannot say from this record that the trial court was not justified in disregarding the testimony of the appellant relative to the acts of cruelty which she claimed appellee had committed. The trial court was in a much better position than this court to pass on the credibility of the witnesses.

The appellant, in our opinion, completely failed to meet the burden which was upon her to prove that appellee was guilty of adultery. The evidence as it bears on that question does no more than create a suspicion. See Hendrix v. Hendrix, 250 Ala. 309, 34 So.2d 214.

While the evidence in this case is not as clear and positive as it might be, we cannot say that the decree of the trial court is palpably wrong and we feel constrained, therefore, to affirm the decree from which the appeal is taken.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.