92 So.2d 914

**Ray H. SMITH**

v.

**Dollie T. SMITH.**

6 Div. 77.

Supreme Court of Alabama.

Feb. 21, 1957.

J. Edmund Odum and John T. Batten, Birmingham, for appellee.

## PER CURIAM.

This is an appeal by the husband from the decree of a court of equity granting a divorce to his wife on the alleged ground of cruelty. There are two children of the marriage, a girl eleven years old and another girl ten years of age. The decree awarded custody to appellee and made provision for their maintenance by appellant.

On this appeal the chief question relates to the divorce granted to the wife.

The parties were married in 1943 and resided in Jasper until approximately five

Corretti & Newsom, Birmingham, for appellant.

years ago, during which latter time they have lived in Birmingham.

Reference is made in the bill of complaint to two prior suits for divorce between the parties, in which no relief appears to have been granted. It also appears that the last suit was disposed of June 27, 1956. The instant suit was field July 20, 1956, and was heard and final decree rendered August 24, 1956.

In the trial of the instant case the evidence was limited to conduct occurring after the decree of June 27, 1956. Evidence of acts of cruelty, other than those alleged, including those which occurred after the suit was filed, are admissible in explanation, corroboration or aggravation of those relied on and alleged in the bill. Although reference is made in the bill to the two former suits, there is no proof as to them and no contention appears on this appeal in that respect.

It is very evident that the parties have lived in a continuous state of discord, degrading and destroying the true nature and purpose of married life. The evidence shows that they both drank liquor, constantly fussed, cursed each other, and had personal combats. The wife seemed to have been able to take care of herself in such combats and to return blow for blow.

Following the disposition of the other two cases, without a divorce being granted, the parties tried to live together again for about a month or less, during which time they returned to a life of combat and distress. It is not clear which of the parties received the worse of such combats; nor does it appear the health of either was impaired.

It is well settled that if the respondent in a divorce suit proves that complainant has been guilty of conduct which justifies a divorce in his favor against complainant, it operates as a bar to the right of complainant to a divorce. The respondent here is not seeking a divorce, but in resisting it claims that complainant has been cruel to him to an extent sufficient to justify a divorce by him under section 22, Title 34, as amended, pocket part of Code, Act approved September 30, 1947, General Acts 1947, page 336. He is only making that defense as a bar to relief by complainant. It is a good defense when proven. Downs v. Downs, 260 Ala. 88, 69 So.2d 250; Ex parte Lewis, 255 Ala. 650, 53 So. 2d 328; Chamblee v. Chamblee, 255 Ala. 35, 49 So.2d 917; Butler v. Butler, 254 Ala. 375, 48 So.2d 318; Lyall v. Lyall, 250 Ala. 635, 35 So.2d 550; Stephens v. Stephens, 233 Ala. 178, 170 So. 767; Stabile v. Stabile, 203 Ala. 635, 84 So. 801; Ribet v. Ribet, 39 Ala. 348.

As we have stated, this suit was tried on evidence taken ore tenus before the trial judge who granted a divorce to the wife. The judge must have reached the conclusion that the acts of cruelty by the wife toward the husband did not endanger his life or affect his health, and that there was no reasonable apprehension of such danger to him: whereas the cruel conduct of the husband created a reasonable apprehension of such danger to the complainant. We cannot say there was no reasonable basis on which to rest such conclusion, and therefore must affirm the decree to that effect.

We also fail to find from the record that the children would be better cared for if awarded to appellant than to allow them to remain with the mother subject to change if it becomes proper to make such change. There is no complaint made as to the allowance ordered for their maintenance or the solicitors' fee. The decree of the trial court should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and COLEMAN, JJ., concur.