126 So.2d 484

Joe BRYAN

v.

Bonnie BRYAN.

8 Div. 32.

Supreme Court of Alabama.

Jan. 26, 1961.

T. J. Carnes, Albertville, for appellant.

Smith & Moore, Montgomery, for appellee.

SIMPSON, Justice.

This is an appeal from a decree of the Circuit Court in Equity of Marshall County, wherein appellee was granted a divorce, a vinculo, from appellant on the ground of cruelty. The decree also awarded custody to appellee of their oldest child, Barbara Jean, 10 years of age, and their youngest child Nolan Lamar, 1½ years of age, and granted to appellant custody of their other child, James Earl, 5 years of age, with rights of visitation respectively, etc. The decree also fixed permanent alimony for appellee and assessed the costs of the suit, including solicitor's fee, against appellant, Joe Bryan, and dismissed his cross-bill praying for a divorce from appellee on the ground of adultery. The appeal challenges the correctness of these rulings.

The testimony was taken partially by deposition and partially orally before the court. We, of course, recognize the long-standing rule of presumption in favor of the correctness of the ruling below in such cases. Sneed v. Sneed, 248 Ala. 88, 26 So.2d 561; Ray v. Ray, 245 Ala. 591, 18 So.2d 273; Horton v. Gilmer, 266 Ala. 124, 94 So.2d 393; Bidwell v. Johnson, 195 Ala. 547, 70 So. 685.

We will first deal with that phase of the decree granting appellee a divorce on the ground of cruelty. Under Code 1940, Title 34, § 22, appellee would be entitled to a divorce if appellant had committed actual violence on her person, attended with danger to life or health, or when from his conduct there is reasonable apprehension of such violence. (Of course, this rule would not apply under the doctrine of recrimination, to be hereafter referred to). In view of the presumption of the correctness of the findings of the trial court, who saw and heard the witnesses testify with respect to this question, we believe we are duty bound to say that the evidence bearing on this issue, though not too strong, was sufficient to warrant a finding by the trial court that appellant was guilty of the infractions denounced by said § 22, supra—or, stated more correctly, the findings of the trial court on the evidence of cruelty could not be ruled by us as being palpably erroneous.

On the other hand, the appellant by his cross-bill alleged adultery on the part of appellee and claimed that he was entitled to a divorce from appellee on this ground. The court has read the evidence on this issue in consultation, and after a careful consideration has come to the conclusion that the allegations of the cross-bill on this issue were also well supported. In fact, we are left under no doubt. We of

course know the governing rule. Adultery is a crime of darkness and secrecy, and may be proven, like other facts, by circumstantial evidence. The proof must be such as to lead the guarded discretion of a reasonable and just man to the conclusion that the act has been committed. The judicial mind must be reasonably satisfied, as in all civil cases. Gardner v. Gardner, 248 Ala. 508, 28 So.2d 559, and cases cited. We are guided by this principle in reaching the stated conclusion.

■ Out of consideration for the parties, we will not relate the evidence bearing on either of the issues, since it would serve no useful purpose. It is sufficient to say that if there ever were a case in which the doctrine of recrimination should be invoked, it is this one. The rule is that if the conduct of both parties has been such as to furnish grounds for divorce, neither is entitled to relief, or, as otherwise expressed, if both parties have a right to a divorce, neither of the parties has. Downs v. Downs, 260 Ala. 88, 69 So.2d 250; Chamblee v. Chamblee, 255 Ala. 35, 49 So.2d 917; Butler v. Butler, 254 Ala. 375, 48 So.2d 318; Stephens v. Stephens, 233 Ala. 178, 170 So. 767; Stabile v. Stabile, 203 Ala. 635, 84 So. 801; Ribet v. Ribet, 39 Ala. 348; 27A C.J.S. Divorce § 67; Richardson v. Richardson, 4 Port. 467, 30 Am.Dec. 538.

■ We think the rule should be applied in the instant case. Clearly, the decision we reach is unassailable from the standpoint of logic, justice, and equity. The decree should, therefore, be modified, denying either party the right to a divorce and dismissing the bill and cross-bill so praying without prejudice to future litigation on facts later occurring. It is so ordered.

■ The trial court awarded permanent alimony to appellee, and of course, this award should also be set aside and held for naught, since appellee is not entitled to a divorce. Penn v. Penn, 246 Ala. 104, 19 So.2d 353. So ordered.

■ We come now to the troublesome question of the custody of the three children of the parties. For reasons not necessary to state, we have concluded that the learned trial court was correct in awarding the present custody of Nolan Lamar to appellee and requiring appellant to pay to appellee the sum of $35 per month for his support and maintenance and also that the court correctly decreed that custody of James Earl should be awarded to appellant. These phases of the decree, therefore, will be affirmed.

However, after careful consideration, having in mind the status of the respective parties and their conduct so far exhibited, we have concluded that the interests of Barbara Jean would be best served by awarding her custody to appellant. The trial court will, therefore, modify the decree in this last respect noted with the right of visitation on the part of the appellee as was decreed by the lower court with respect to appellant.

■ The trial court also ordered a reference to the register to determine a reasonable solicitor's fee for appellee to be taxed as a part of the costs of court. While the fee under the circumstances should not be high, the trial court still has a discretion to proceed with the fixing of said fee after the report of the register for defending the cross-bill. This phase of the decree is also affirmed. Penn v. Penn, supra.

The decree below will be modified and affirmed in the respects hereinabove noted and in all other matters it is reversed with directions that the trial court enter a decree in conformity with the foregoing conclusions. The entire cause is remanded to the trial court for such further proceedings as may be proper.

Let the court costs, except appellee's solicitors' fee, be taxed one-half against appellant and one-half against appellee.

Affirmed in part, modified in part, and in part reversed and remanded with directions.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.