131 So.2d 703

Anna Lee MALLORY

v.

Lowry MALLORY.

7 Div. 519.

Supreme Court of Alabama.

May 11, 1961.

Rehearing Denied June 29, 1961.

Norred & Propst, Birmingham, for appellant.

Merrill, Merrill, Vardaman & Williams, Anniston, for appellee.

MERRILL, Justice.

This is an appeal from a decree of the Circuit Court of Calhoun County, in Equity, granting complainant a divorce on the ground of voluntary abandonment.

Appellee, Lowry Mallory, a resident of Anniston, and appellant, Anna Lee Mallory, were married on December 25, 1955, in appellant's home state of Oklahoma. They lived together as husband and wife for seventy-five days at appellee's home in Anniston, Calhoun County. On March 10, 1956, appellant left Anniston and went to the home of her father in Duncan, Oklahoma. She never returned to live with appellee. The bill was filed October 15, 1959.

Appellant's assignment of error 15 charges error in that the decree is not supported by the evidence. Appellant argues that there was no evidence of voluntary abandonment on her part. The evidence was conflicting on this point. Appellee testified that appellant's departure was presumably only for a visit to her father and that he had asked her to return. The Negro maid in appellee's home testified that on the day appellant left she told her that she was going to visit for a couple of weeks, but that appellant had taken all her belongings with her; she testified that she subsequently received a letter from appellant advising her that she was not coming back to Anniston to live. It is undisputed that she never returned.

All the evidence was taken orally before the trial judge. When that is the case, his judgment will not be disturbed on appeal unless palpably wrong, since his findings from the evidence have been likened unto the verdict of a jury. Wood v. Wood, 263 Ala. 384, 82 So.2d 556; Wilson v. Wilson, 257 Ala. 135, 57 So.2d 519. We cannot say that the decree was plainly wrong. Sills v. Sills, 246 Ala. 165, 19 So.2d 521.

Appellant argues three other assignments of error pertaining to the sustaining of objections to offers of three letters into evidence.

The first of these letters offered into evidence is respondent's exhibit number eleven. Appellant urges that proof of this written communication from Dr. Jones advising her that she should go ahead and resume her teaching in California was admissible on the issue of showing her intent and whether her continued absence was voluntary. Similarly, appellant insists that a letter from Dr. Kay, although it did not furnish any advice as to whether she should attempt to return to appellee, was admissible to show "that the appellant would have been foolish to attempt to return to the marital home" because of "the mere fact that Dr. Kay failed to negative the statements contained in Dr. Jones' correspondence." Appellant cites no authority in support of her position.

■ Extra-judicial statements of a doctor are hearsay and are not admissible in evidence, and this is so whether the statements are oral or in writing. Prince v. Lowe, 263 Ala. 410, 82 So.2d 606; Clark v. Hudson, 265 Ala. 630, 93 So.2d 138; Smith v. Smith, 268 Ala. 348, 106 So.2d 260; Taylor v. Atlantic Coast Line R. Co., 232 Ala. 378, 168 So. 181; Hussey v. State, 87 Ala. 121, 6 So. 420.

Appellant also sought to introduce into evidence a letter which she wrote to Dr. Jones. It is urged that this letter was admissible in showing the relations between the parties, i. e. that she was concerned about appellee's condition and that she was relying upon the advice of the physicians in deciding whether to resume teaching rather than returning to appellee.

■ The declarations of a party are not evidence for himself unless they constitute a part of the res gestae. A party cannot make evidence for himself by his own declaration; a statement, whether oral or written, which is self-serving is not ad-

missible evidence in favor of the declarer. Ex parte McLendon, 239 Ala. 564, 195 So. 733; Hall v. Hall, 219 Ala. 199, 121 So. 718; Commonwealth Life Ins. Co. v. Barr, 218 Ala. 505, 119 So. 11; 9 Ala.Dig., Evidence, ⊙⟶271(19).

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.