148 So.2d 627

William C. **TATE**

v.

Thelma **TATE.**

7 Div. 589.

Supreme Court of Alabama.

Jan. 10, 1963.

Roy D. McCord, Gadsden, for appellant.

Rowan S. Bone and Hugh H. Smith, Gadsden, for appellee.

LAWSON, Justice.

This is an appeal from a decree of the Circuit Court of Etowah County, in Equity, wherein appellee was granted an absolute divorce from appellant on the ground of cruelty. The decree also awarded custody to appellee of an eleven-year-old son of the marriage, with rights of visitation in the appellant. The decree also made provision for the support of the minor child and assessed the costs of the suit, including solicitor's fee, against the appellant.

The brief filed here on behalf of appellant challenges only the divorce aspect of the decree.

The testimony was taken ore tenus before the trial court, hence its findings of fact are to be accorded by this court an authority equal to that of a verdict of a jury. Le May v. Le May, 205 Ala. 694, 89 So. 49; Rudicell v. Rudicell, 262 Ala. 41, 77 So.2d 339.

■ Under Code 1940, Title 34, § 22, appellee would be entitled to a divorce if appellant had committed actual violence on her person, attended with danger to life or health, or when from his conduct there is reasonable apprehension of such violence. In view of the presumption of the correctness of the findings of the trial court, who saw and heard the witnesses testify with respect to this question, we are duty bound to say that the evidence was sufficient to warrant a finding by the trial court that appellant was guilty of the infractions denounced by said § 22, supra,— or, stated more correctly, the findings of the trial court on the evidence of cruelty cannot be said by us to be palpably erroneous. Bryan v. Bryan, 271 Ala. 625, 126 So.2d 484. The trial court apparently believed the testimony of the appellee and we cannot say he was in error in doing so, although appellant strenuously denied that he had committed any act of cruelty upon his wife.

■ The insistence of appellant to the effect that the decree of the lower court in so far as it awards appellee a divorce should not stand because the testimony of the appellee as to cruelty was not supported by corroborating evidence is without merit. Piner v. Piner, 255 Ala. 104, 50 So.2d 269. In the Piner case we said in part as follows: "It seems to us that every case should stand on its own peculiar facts because there is no general principle of law that precludes the granting of a divorce solely on the uncorroborated testimony of the complainant."

■ The mere fact that the appellee continued to live in the family home after the acts of cruelty were committed does not constitute a condonation. We construe the testimony as showing that the parties did not have sexual intercourse after the commission of the acts of cruelty which appellee testified caused her to live separate and apart from her husband although under the same roof. See Cox v. Cox, 267 Ala. 72, 100 So.2d 35.

■ Attorneys for appellee have petitioned for allowance of attorneys' fees on this appeal. The petitioner is granted

the sum of $50. Russell v. Russell, 270 Ala. 662, 120 So.2d 733, and cases cited.

The decree is affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.