229 So.2d 30

Nellie Ruth RUSSELL

v.

David H. RUSSELL.

6 Div. 11.

Court of Civil Appeals of Alabama.

Dec. 8, 1969.

**256**

Harry Asman, Birmingham, for appellant.

Ross & Ross, Bessemer, for appellee.

WRIGHT, Judge.

This is an appeal from a decree of Circuit Court, in Equity, Tenth Judicial Circuit, Bessemer Division.

By its decree, the court below dissolved the bonds of matrimony between complainant, David H. Russell, and respondent, Nellie Ruth Russell, granting a divorce to complainant. It further granted to respondent the use and occupancy of a portion of the home of the parties, and support in the amount of $40.00 per month. Complainant was required to pay the utility bills for the home, all until the further orders of the court.

The action began by Bill of Complaint filed by David H. Russell for divorce. The Bill charged respondent with voluntary abandonment of the bed and board of complainant for more than one year next preceding the filing of the Bill of Complaint on June 17, 1968. Respondent was further charged with committing actual violence on complainant, attended with danger to his life and health, and with making threats of bodily harm from which complainant was reasonably convinced that actual violence would be committed upon his person, attended with danger to his life and health.

To the complaint, respondent filed demurrer, which was overruled by the court, after which an answer was filed consisting of a general denial of the material averments of the complaint.

On the 19th of December, 1968, testimony was taken ore tenus before the court, and decree rendered January 2, 1969. This decree was amended ex mero motu on January 14, 1969. Respondent, Nellie Ruth Russell, filed appeal on January 28, 1969.

There are 20 assignments of error. Assignments 1, 2, 7, 8, 10, 19 and 20 were waived in brief. Assignments 11, 12, 13, 14, 15, 16, 17 and 18 were directed to the admission into evidence of 8 photographs introduced by complainant, and these assignments were argued jointly in brief. It is our opinion that these photographs had little relevancy to the issue before the court, but were not inadmissible, as they tended to show conditions existing in the home of the parties at the time of the alleged abandonment of complainant by respondent. There was no error in their admission by the court.

Assignments 3, 4, 5 and 6 were argued jointly in brief. These assignments were general, and were to the effect that the evidence was insufficient for the court to render its decree. It was agreed by counsel for appellant and appellee at the time of oral argument before this Court, that the basis for the appeal here was the insufficiency of the evidence to support the decree of divorce under any of the grounds alleged in the Bill of Complaint.

As stated heretofore, there were three statutory grounds for divorce charged in the complaint. The question of whether they were properly pleaded having been waived by appellant, it is unnecessary to resolve that matter here. Suffice it to say, however, that nicety of pleading in divorce cases is not required. Colburn v. Colburn, 265 Ala. 22, 89 So.2d 531.

The court did not specify which ground, or grounds, charged in the com-

plaint were sufficiently proved by the evidence, and upon which it based its decree. We can find no requirement in this State that a decree of divorce contain such finding. It is believed by this Court that better practice would be to include in the decree the ground upon which relief is based, especially where there is alleged more than one ground, and there may arise some question as to which ground is supported by the evidence.

 Under the pleadings in this case, it is our opinion, if the evidence is legally sufficient to support the decree of the court below as to any ground alleged in the Bill of Complaint, the decree must be affirmed.

We have carefully reviewed the record, and it is our opinion there is insufficient evidence to support a decree in favor of complainant on the grounds of voluntary abandonment.

"To constitute voluntary abandonment, there must be a final departure, without the consent of the other party, without sufficient reason therefor, and without the intention to return." Fouts v. Fouts, 281 Ala. 220, 201 So.2d 56; Gross v. Gross, 265 Ala. 58, 89 So.2d 737.

Thus, we must assume the decree to be based upon actual violence, attended with danger to life or health, or a reasonable apprehension of violence, attended with danger to life or health.

In spite of conflicts in the testimony, this Court does not find that the decree based on testimony heard ore tenus by the trial judge, and rendered on either of the remaining grounds alleged in the complaint, was palpably wrong.

Findings of a trial court in a divorce case on evidence ore tenus before the court are to be accorded, by the Supreme Court on appeal, an authority equal to that of the verdict of a jury. McDonald v. Mc-

Donald, 280 Ala. 299, 193 So.2d 519; Sanford v. Sanford, 271 Ala. 508, 125 So.2d 1.

Error not being shown, the decree appealed from is due to be and is affirmed.

Affirmed.