243 So.2d 525

**Donald Neal LLOYD**

**v.**

**Sara Susan Phelps LLOYD.**

**6 Div. 61.**

Court of Civil Appeals of Alabama.

Dec. 23, 1970.

Rehearing Denied Jan. 20, 1971.

**442**

James L. Shores, Jr., and George H. B. Mathews, Birmingham, for appellant.

Jenkins, Cole, Callaway & Vance, Birmingham, for appellee.

BRADLEY, Judge.

The parties to this appeal were divorced from the bonds of matrimony by the Circuit Court of Jefferson County, In Equity, in a decree entered on February 19, 1970.

The wife, appellee here, plaintiff below, filed a bill of complaint on June 30, 1969 against the husband, alleging physical cruelty and adultery. This bill of complaint was answered by the appellant on July 22, 1969. Thereupon, the appellant-husband, on September 23, 1969, filed a cross-bill against the wife alleging physical cruelty. And, the appellee-wife answered the cross-bill on February 17, 1970. The cross-bill was later dismissed by order of the court.

The case was submitted for decree on the evidence heard before the court, and evidence taken before the register. The evidence heard by the court was a repeat of the evidence submitted to the register.

An appeal was taken to this court on April 20, 1970.

There were ten assignments of error filed by the appellant with the record in this case, of which only the third, fifth, eighth and ninth assignments were argued in brief. Therefore, assignments one, two, four, six, seven and ten are deemed to be waived. Supreme Court Rule 9.

Assignment of error three questions the sufficiency of the proof introduced in support of the allegation of adultery, and assignment of error five questions the sufficiency of the proof introduced in support of the allegation of physical cruelty.

The decree of divorce entered by the trial court did not specify the grounds upon which the divorce was granted.

In the case of Russell v. Russell, 45 Ala. App. 255, 229 So.2d 30, decided by this court in the October 1969–70 Term, we were faced with a decree of divorce that did not specify on which ground it was granted, although there were three grounds alleged in the bill of complaint. We said:

" * * * if the evidence is legally sufficient to support the decree of the court

below as to any ground alleged in the Bill of Complaint, the decree must be affirmed."

■ Therefore, we now consider the duty to be upon us to decide if the evidence adduced below is sufficient to support the decree of divorce on either or both of the two grounds alleged in the bill of complaint.

We recognize that in deciding this question we must observe the principle that where the trial court hears the evidence in a divorce case ore tenus, its findings are to be given the same weight as is accorded the verdict of a jury. See Russell v. Russell, supra, and the cases therein cited.

Furthermore, we also recognize the requirement that before we could set aside the decree of the lower court, we would have to decide that it was plainly and palpably wrong. Mallory v. Mallory, 272 Ala. 464, 131 So.2d 703.

Appellee testified that she had been in Springfield, Missouri for several months under the care of a psychiatrist, and on the night of her return to Birmingham her husband took her to The Club in Birmingham for dinner. During the course of the evening an argument ensued, and after leaving the restaurant and getting in their car, the appellant hit appellee in the face with his fist, making her nose bleed. On arrival at their house, appellant got out of the car, went around to appellee's side of the car, opened the door, grabbed her by the hair of the head, and pulled her to the front door of the house, opened the door and kicked her into the house, grabbed her by the hair again, pulled her across the rug and started beating her.

The evidence showed appellant weighed approximately 200 pounds, and appellee weighed approximately 100 pounds.

The above incident occurred in July of 1968.

Then on New Years Eve 1968 the appellant and appellee attended a party at a friend's house, and on their way home they became engaged in an argument, and during the course of the argument appellant grabbed appellee by the hair of the head and pulled her down in the car seat, and when they got home he started beating her with his fists. The appellee stated the beating "got to be very bad."

After this physical assault upon the appellee by appellant, appellee stated that she and appellant, although living in the same house, did not live together as man and wife from that time until appellant left their house some three months later.

■ We have related enough of the evidence to show that the decree of the trial court was adequately supported on the cruelty count of the complaint; therefore, we pretermit any discussion of the merits or demerits of the argument made relating to the adultery count of the complaint.

■ The contention is made by appellant that the testimony of the appellee-wife was uncorroborated. Even if this be correct, we are of the opinion that this circumstance would not prevent the trial court from granting a divorce where the evidence was sufficient to authorize such a decree. Tate v. Tate, 274 Ala. 350, 148 So.2d 627.

We are also fully aware that appellant's version of the above two incidents did not coincide with appellee's version, but this merely resulted in a conflict in the testimony requiring a resolution by the trial court.

The trial court saw and heard the witnesses testify and was aware of their demeanor while so testifying, and, evidently believed appellee's version of the testimony, for a divorce was granted to her.

In view of the decision in Tcherneshoff v. Tcherneshoff, 283 Ala. 700, 220 So.2d 888, based on facts which are very closely akin to those adduced in the case at bar, we cannot say that the trial court was

plainly and palpably in error in dissolving the bonds of matrimony which had tied together the parties to this appeal.

■ Although assignment of error six, which raised the question of condonation, was not argued in brief, we would point out that we do not consider the evidence sufficient to void this decree on that principle.

The record is unclear as to whether or not the parties resumed sexual relations after the first enumerated instance of cruelty, but the appellee specifically stated that although she lived in the same house with appellant after the second act of cruelty, she did not have sexual relations with him.

In *Tate* and in *Tcherneshoff*, supra, the Supreme Court said that mere living in the same house after the acts of cruelty does not constitute a condonation. Also in *Tcherneshoff*, supra, it was said that even two acts of sexual intercourse would not constitute condonation if there was no intention to forgive and resume marital relations.

Based on the evidence in the case before us, we do not conclude that appellee condoned the acts of cruelty committed upon her.

Appellant, in support of assignments of error eight and nine, argues that the award of alimony in the amount of $450.00 a month was excessive.

It is noted that Title 34, Section 32, Code of Alabama 1940, as Recompiled 1958, gives to the trial court the authority to make an allowance for the wife as liberal as the estate of the husband will warrant.

The evidence tends to show that in 1968 appellant's gross earnings were $37,500; and that his estate consisted of stock valued from $75,000 to $150,000. It was also shown that in the twelve month period preceding the trial below, appellant spent approximately $10,000 raising and showing Great Dane dogs.

The alimony that appellee would receive in one year under the decree of divorce would amount to $5,400.00, which is just a little over half of what appellant spent on raising and showing his dogs for a year.

Appellant contends that appellee's conduct was such as to make her partly to blame for the failure of the marriage and therefore this fact should be taken into account in awarding alimony.

We believe the trial court did take this aspect of the case into account when making the alimony award.

In the case of Leo v. Leo, 280 Ala. 9, 189 So.2d 558, it was revealed that the husband was ordered to pay to the wife $25,000 in cash and $450.00 a month. The husband stated that his net worth was about $100,-000.00, and his yearly income about $12,-000.00.

The Supreme Court modified the decree to require the husband to pay to the wife $8,000.00, which was fifty percent of his assets other than interests in real estate development, as opposed to $25,000 awarded by the trial court. It also affirmed that part of the decree requiring a monthly payment of $450.00 which was considered to be about fifty percent of his income.

Furthermore, the Supreme Court in other cases has approved awards of alimony which required the husband to pay anywhere from one-third to one-half of his income. See Harris v. Harris, 275 Ala. 329, 154 So.2d 748, and Isom v. Isom, 273 Ala. 599, 143 So.2d 455.

In the case at bar, the husband has been required to pay $5,400 a year out of an income of $37,500 a year, which is about twenty percent of his annual income.

■ We consider the award of $450 a month as alimony not to be excessive, and fully warranted by the evidence.

Application has been made to this court for an allowance to appellee for services rendered by her attorney in defense of this appeal.

■ The record of the case is in two volumes, and is quite voluminous. It is also apparent from the briefs filed on behalf

of appellee that her attorney has spent much time and effort in preparing her defense to this appeal. In the court below there was an allowance to appellee for the services of her attorney in the amount of $3,500.00. We are of the opinion that a reasonable attorney's fee for representing appellee on this appeal would be $1,000.00, and the motion of appellee for an allowance of attorney's fee in that amount is granted. Tonsmeire v. Tonsmeire, 273 Ala. 462, 142 So.2d 265.

There being no error argued in briefs upon which to base a reversal, the decree of the trial court is affirmed.

Affirmed.