263 So.2d 505

Welch H. SHELTON

v.

Florence Cryar SHELTON.

8 Div. 60.

Court of Civil Appeals of Alabama.

June 7, 1972.

W. D. Wilkes, Jr., Guntersville, for appellant.

Gullahorn & Hare, Albertville, for appellee.

HOLMES, Judge.

This is an appeal from the Circuit Court of Marshall County, in Equity. There are numerous and varied pleadings in this case, complaints and cross-complaints, all being consolidated for trial. There is a bill of complaint for divorce alleging the statutory grounds of cruelty against the appellant. After taking testimony *ore tenus*, the trial court entered an order in favor of the appellee dissolving the bonds of matrimony and divorcing the parties for and on account of cruelty or reasonable apprehension of cruelty. The court further ordered dispositon of certain properties of the parties. The court's disposition of the property is not in issue in this appeal.

Appellant argues two assignments of error: One, that there was not sufficient evidence for the trial judge to grant appellee a divorce on the grounds of cruelty or the reasonable apprehension thereof and two, from the evidence the trial court should have invoked the rule of recrimination in that the evidence showed that each party established a ground for divorce.

The evidence reveals that the parties were married in 1959 at Guntersville, Alabama; that appellant and appellee had marital problems prior to their final separation and finally separated some two years before the filing of this bill of complaint. The reason for the separation is in conflict. The appellee testified that she left because they had "fights". Appellee further testified that appellant struck her with a drinking glass and choked her. After such altercation the separation occurred. Appellant testified that appellee told him to leave the house, that she was "tired of routine living." Appellant denies having hit or struck appellee and does not "think" he ever pushed, or shoved, or grabbed appellee by the hair. (T–21.) A police officer did testify that appellant had

been violent on an occasion, this violence apparently was not directed to appellee.

■ Appellant seeks to invoke the doctrine of recrimination which requires a denial of relief in a divorce action only if the complainant has been guilty of conduct which would entitle the opposite spouse to a divorce; that is, the conduct should be of a degree recognized by law as sufficient cause for granting a divorce to the other party. Here the question is, was appellee guilty of voluntary abandonment? At best, there is conflicting testimony as to the reasons appellee left the marital abode. Appellee testified she left because of the violence directed toward her by the appellant. Her testimony is only disputed by appellant. We think that under the testimony the trier of fact could have concluded that the action of appellant caused appellee to leave and the law is clear that if conditions were made intolerable for the wife by conduct of the husband and the wife was forced to leave home, the wife could not be said to be guilty of *voluntary* abandonment. Certainly, if the appellee's testimony is believed, acts of physical violence directed toward the other spouse is such misconduct that would not make appellee guilty of voluntary abandonment. Bean v. Bean, 273 Ala. 477, 142 So.2d 263. The trial judge must have concluded that the wife's action in leaving the husband was not voluntary.

We must now consider if the evidence is sufficient to support the decree of divorce on the grounds of cruelty. We have related enough of the evidence; to wit, appellee's testimony that appellant struck her with a drinking glass and choked her and that immediately after such altercation the parties separated.

■■ The court is of the opinion that even though appellee's testimony may be uncorroborated this circumstance would not prevent the trial court from granting a divorce if such evidence was sufficient to authorize such a decree. See Tate v. Tate, 274 Ala. 350, 148 So.2d 627. As this court stated, in Lloyd v. Lloyd, 46 Ala.App. 441, 243 So.2d 525, we are fully aware that appellant's version of the incidents did not coincide with appellee's version. But this merely resulted in a conflict in the testimony requiring a resolution by the trial court. However, it is noted that a police officer did testify that appellant had been violent on another occasion and because of such violence was caused to be arrested, and that appellee's daughter testified that appellant evidenced a violent nature.

■ The trial court saw and heard the witnesses testify; was aware of their demeanor while so testifying and evidently believed appellee's version of the testimony, for a divorce was granted to her. We must observe the principle that where the trial court hears the evidence in a divorce case, its findings are to be given the same weight as is accorded the verdict of a jury. See Russell v. Russell, 45 Ala.App. 255, 229 So.2d 30. Before this court could set aside the decree of the lower court we would have to decide that such decree was plainly and palpably wrong and this we cannot do. Mallory v. Mallory, 272 Ala. 464, 131 So.2d 703.

There being no error argued in briefs upon which to base reversal, the decree of the trial court is affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.