296 So.2d 725

**Ernest F. KOHN**

v.

**Lonnie S. KOHN.**

**Civ. 131.**

Court of Civil Appeals of Alabama.

Feb. 13, 1974.

Rehearing Denied March 6, 1974.

Merrill, Merrill, Vardaman & Williams, Anniston, for appellant.

Charles L. Parks, Anniston, for appellee.

**HOLMES, Judge.**

In the present case the original bill for divorce was filed by the appellee-wife asserting physical cruelty as the ground. Simultaneously with the filing of the divorce an answer and waiver executed by the appellant-husband was filed, and an agree-ment signed by both parties was additionally filed with the register of the Circuit Court of Calhoun County, Alabama, along with additional appropriate documents. The date of the aforementioned filings was March 24, 1971.

On April 9, 1971, the appellant-husband filed a document withdrawing the heretofore filed answer and waiver and further moved to strike the answer and waiver and the aforesaid agreement. There was no ruling on this "motion" until after all the evidence was presented and then the court allowed the answer and waiver to be withdrawn and found the agreement to be valid and binding.

After several amendments to the complaint and cross complaint filed by appellant-husband, the pleadings ultimately reveal both parties alleging physical cruelty against the other and the appellee-wife requesting an award of the property of the parties.

After an extended hearing which consumed approximately six days, the chancellor entered a decree granting the appellee-wife a divorce on the ground of physical cruelty, finding the agreement entered into by the parties, and resulting deeds valid and binding.

The agreement, in essence, awarded the appellee-wife all of the real estate of the parties with a value of $250,000, all of the household furnishings, all of the farm equipment, including truck and tractors, a 1969 car, all monies, bonds, securities that the parties had, a $5,000 debenture, and their herd of dairy cows which consisted of more than 100 cows. However, appellee-wife assumed all mortgage indebtedness and other indebtedness which, as we view the evidence, would be approximately $50,000–$60,000.

Counsel for appellant-husband contends that the divorce granted the wife should have been denied because of the operation of the doctrine of recrimination and, further, that the court's action in finding the

aforementioned agreement to be binding and, thereby, making the agreement part of the decree was so inequitable as to constitute an abuse of discretion. We disagree with the former and agree with the latter.

The doctrine of recrimination is to the effect that if both parties prove a statutory, though possibly differing, ground justifying a decree of divorce, such reciprocal ground will defeat the award of a divorce to each party. Hewitt v. Hewitt, 285 Ala. 516, 234 So.2d 283; Downs v. Downs, 260 Ala. 88, 69 So.2d 250; Maddox v. Maddox, 281 Ala. 209, 201 So.2d 47.

We see no need to set out the voluminous evidence presented by each party in support of their contentions. We have carefully read and considered all of the evidence consisting of more than five hundred pages and are conviced that the evidence offered by the wife was sufficient to support the learned chancellor's conclusions as they relate to the divorce.

The evidence reveals conflicting testimony by each party as to physical cruelty directed to the other party. The appellant-husband testified the wife struck him with an iron poker, threw objects at him, and pulled him out of bed on different occasions. On the other hand the appellee-wife testified that the appellant-husband choked her, slapped her, threw her against a door and threatened to kill her, and pushed her out of bed and tore her mouth with his thumbs.

As indicated above, this suit was tried on evidence taken *ore tenus* before the trial judge who granted a divorce to the wife. The judge could have, as he must have, reached the conclusion that the acts of cruelty by the wife toward the husband did not endanger the husband's life or affect his health, and that there was no reasonable apprehension of such danger to him; whereas, the opposite conclusion was reached as to the wife's testimony. While a different result could have been reached, we cannot say there was no reasonable basis on which to rest such conclusion, and

therefore must affirm such part of the decree to that effect. See Smith v. Smith, 265 Ala. 519, 92 So.2d 914.

We would note that the fact the wife's testimony concerning the husband's acts of physical violence toward her was uncorroborated would not prevent the trial court from granting a divorce in favor of the wife. See Shelton v. Shelton, 48 Ala. App. 204, 263 So.2d 505; Tate v. Tate, 274 Ala. 350, 148 So.2d 627; Lloyd v. Lloyd, 46 Ala.App. 441, 243 So.2d 525.

The pertinent tendencies of the evidence as relate to the alleged error of the trial court in finding the property agreement binding and adopting same in its decree reveal the following:

The parties had at the time of trial been married over twenty-two years, with appellant-husband being forty-eight years old at the time of trial, and appellee-wife being sixty-one years old. They had no children. Through their joint efforts of hard work the parties had acquired a dairy farm of approximately 225 acres and 100 plus dairy cows; various equipment to operate the farm, including a truck and other mechanized vehicles; a homeplace; two other dwellings; a mobile home; and approximately $5,000 in unencumbered savings. This dairy produced a gross income of more than $50,000 per year. As noted earlier, the value of the farm was approximately $250,000 and the entire indebtedness of the parties was between $50,000 and $60,000. It would further appear from the evidence that the appellant-husband had desired a divorce for some time with the appellee-wife not sharing this desire. It would further appear from a reading of the transcript that this ship of matrimony was sailing on choppy seas with constant bickering and other unpleasantnesses.

On the 23rd of March, the parties contacted an attorney regarding a divorce. A property settlement was discussed with no conclusion reached. It is clear that the attorney with whom they discussed the matter was most patient and diligent in at-

tempting to effectuate some just and equitable disposition of the property. On the next day, the 24th, the parties reappeared in the attorney's office (said attorney not being involved in the trial of the case or in this appeal) and the appellant-husband stated, in effect, "Give her everything as I want a divorce." This, in effect, is what was done. The appellee-wife, by the agreement, got everything with appellant-husband only getting the 1965 car and approximately $150.

It should be noted that while the appellant-husband testified he was emotionally upset at the time he executed the agreement and, furthermore, that the contents of the agreement were not explained to him, the evidence, as we view it, was to the contrary. We quite agree with the trial court that the appellant-husband was not under duress or undue influence or mentally incapacitated when he executed the agreement and resulting deeds and, further, that certainly no fraud was practiced on the appellant-husband. However, in this instance, we find the appellant-husband should have been allowed to strike or withdraw the agreement because of the inequity of the agreement.

As our supreme court stated in Williams v. Williams, 261 Ala. 328, 337, 74 So.2d 582, 590, quoting from Rash v. Bogart, 226 Ala. 284, 287, 146 So. 814, 816, when referring to a property agreement or separation agreement in a divorce matter:

> "Such a contract, supported by a valuable consideration, is sustained in equity as other contracts, subject to annulment or cancellation for fraud, concealment, *or other inequity*. (Citations omitted)" (Emphasis added)

Here, when two parties have been married over twenty years, worked side by side in acquiring a sizeable estate, then agree to a divorce with a property agreement wherein the wife gets virtually everything and, thereafter, within eighteen days after the documents are filed with the court but before they are acted upon by the court, the husband moves to withdraw or strike the documents, it is error for the trial court to refuse to do so and find the agreement valid and binding. Our reason for so holding is based upon the inequity of the agreement, itself.

Furthermore, there can be no question but that under the law in Alabama, the trial court in making its decree is not controlled by the agreement of the parties, and it may adopt or reject such parts of it as seem proper from the situation of the parties as shown by the evidence on the trial. Williams v. Williams, *supra;* Russell v. Russell, 247 Ala. 284, 24 So.2d 124.

We, therefore, affirm that part of the decree as to the granting of the divorce and reverse and remand the court's action in finding the property agreement valid and binding.

We reverse and remand rather than render as we believe the learned trial judge to be in a better position to make an equitable division of the property, or such other approach as he deems appropriate. Furthermore, additional evidence may be required as to the various values of certain of the properties.

For whatever value may be gleaned therefrom, we call to the learned trial court's attention Horsley v. Horsley, 50 Ala.App. 445, 280 So.2d 150.

All assignments of error properly presented and argued having been considered, the case is affirmed in part and reversed and remanded in part.

Affirmed in part and reversed and remanded in part.

WRIGHT, P. J., and BRADLEY, J., concur.

ON REHEARING

296 So.2d 730

HOLMES, Judge.

Appellee, in his application for rehearing, contends that this court must, before reversing the trial court in this instance, conclude that the trial court's decree was plainly erroneous or palpably and manifestly wrong and that nowhere in our original decree did we so find.

■ Able counsel for appellee is correct that our original opinion does not so state, but this court, in the instant case, reviewed the trial court's decree as we review all cases heard *ore tenus* by the trial court whereby the effect of the lower court's finding has the effect of a jury verdict, and will not be disturbed on appeal unless plainly erroneous or palpably and manifestly wrong. Lamar v. Lamar, 263 Ala. 391, 82 So.2d 558; Self v. Self, 49 Ala.App. 665, 275 So.2d 345; Fox v. Fox, 48 Ala. App. 437, 265 So.2d 877. See 2A Ala.Dig. Appeal and Error ☞1008.1(6), 1009(1).

Our original opinion only inferentially reveals the nature of our review and for clarity the following should be inserted in our original opinion on page 729 after the last sentence of the penultimate paragraph.

Therefore, upon careful review of the evidence and the trial court's decree, and further inferring the requisite inferences which the law requires us to so infer, we hold the lower court's action in finding the property agreement valid and binding to be plainly and palpably wrong for the reasons set out herein above.

Opinion extended. Application for Rehearing overruled.

WRIGHT, P. J., and BRADLEY, J., concur.