This is a divorce case. The issues on appeal are directed to the sufficiency of the award of alimony and child support and the equity of the property division.
After nineteen years of marriage and the birth of four children, the husband filed for divorce for incompatibility. The wife countersued for divorce alleging adultery. At the time of trial the children were ages fifteen, fourteen, eleven and eight. The court heard substantial testimony and viewed documentary evidence. Judgment was entered granting a divorce without stating a ground. Custody of the children was given to the wife. Support was ordered in the amount of $250 per child per month. Alimony was given in the amount of $750 per quarter; however, alimony terminated when the youngest child reached majority or when it married. The wife received the home in Alexander City and its furnishings. The home and furnishings were appraised in value at about $110,000. The husband was given all other property, but was required to pay the mortgage payments on the home in the sum of $630 per month and to maintain a life insurance policy in the amount of the mortgage balance of $70,000. The husband was given the right to claim the children as tax deductions.
All of the issues presented by the appeal relate to the insufficiency of the awards to the wife and children, except the charge that there was error in failing to grant the divorce on the ground of adultery. We will address the latter issue first.
This court said in the case of Russell v. Russell,45 Ala. App. 255, 257, 229 So.2d 30, 32 (1969) and repeated in the case of *Page 152 Lloyd v. Lloyd, 46 Ala. App. 441, 442, 243 So.2d 525, 527
(1970), "[I]f the evidence is legally sufficient to support the decree of the court below as to any ground alleged in the Bill of Complaint, the decree must be affirmed." We find the evidence and its reasonable inferences sufficient to support a divorce on either the ground of incompatibility or adultery. The failure to state which ground is therefore not reversible error.
We have previously shown the award of alimony and support together with the award of property. In order to determine whether the court abused its discretion, we must view the judgment in light of the evidence.
The husband is a dentist in Goodwater. Last year his solely-owned professional association grossed over $125,000. His salary was $52,000. He also earned over $3,000 from the National Guard. He also paid in some $7,500 to a tax-deferred retirement plan. There were also several thousand dollars undistributed earnings in the professional association together with depreciation credit. His earnings have been fairly constant in the last several years. He paid state and federal income taxes in 1976 of $15,054. ($800 of the income shown on the joint return was from a part-time teaching job of the wife.) Thus net income after taxes in 1976 was $39,856. Though the wife holds a master's degree in education, she has not taught, except part time in a junior college, in many years. She worked while the husband was in dental school.
The trial court found that the parties jointly owned property of a net value of $188,619.81. The home and its furnishings located in Alexander City were given to the wife, with the observation that it represented more than one-half of the net value of the total.
There was a certificate of deposit from a bank in Mississippi held by the husband in the amount of $7,200. It was purchased with funds from a joint account withdrawn by the husband after the separation. There was also a $5,000 municipal bond. A joint checking account in the sum of $1,919 was divided equally.
The trial court stated in its judgment that in awarding periodic alimony it had considered the award of the home and furnishings to the wife and the good health and education of the wife. It stated that the home and its furnishings represented substantially more than one-half the combined value of all the property. There was no statement indicating consideration of fault in ending the marriage.
It has become axiomatic and repetitious for us to say in divorce cases that we review judgments with a presumption of correctness if the trial court has heard the testimony. Meyersv. Meyers, 55 Ala. App. 697, 318 So.2d 725 (1975). That presumption, coupled with the principle that the awarding of alimony and the division of property in a divorce is a matter for the exercise of judicial discretion by the trial judge, usually prevents the court from finding error on appeal. Novakv. Novak, 339 So.2d 77 (Ala.Civ.App. 1976). We recognize that generally the trial court is better positioned to make such decisions than an appellate court. However, there are some cases when the presumption has less weight than others. When the award is clearly based primarily upon consideration of undisputed documentary and oral evidence and the judgment of the court indicates defective reasoning with failure to give weight to material parts of the evidence, the basis for the presumption is absent. Babcock v. Smith, 285 Ala. 557,234 So.2d 573 (1970). This is such a case.
The award of the home and its furnishings to the wife was considered by the trial court to represent more than half of the value of the joint property. That conclusion may be true if all the property could be placed upon the market. The home is not presently marketable. It is necessary as a home for the children. The wife cannot sell it and use the proceeds from the sale for her own benefit until she has performed her duty and obligation of rearing her children. It cannot be sold and its value received because it is subject to a *Page 153 
$70,000 mortgage which the husband is permitted to pay in monthly installments. It produces no income but, rather, will require considerable expense to maintain as a home. The result is that the property given to the wife is, to a large extent, supporting the children. We are unable to determine how having title to the home will lessen the need of the wife for alimony. It rather increases the need. If the home were sold, she could only obtain the equity and the husband would be relieved from making the payments.
On the other hand, the property awarded to the husband is fully marketable, with the exception of his dental office, and at any time could be converted to cash and used for his sole benefit. Most of his property is capable of producing income.
The trial court also indicates that rather than providing the alimony to keep the wife in the manner to which she had become accustomed, she is expected to use her education to work full time and provide her own support. It is not indicated how she will give her four children the attention they have been getting and yet work to support herself.
We find the trial court erred in permitting the award of the home and the award of alimony to become so confused. Whether the divorce was granted upon the ground of adultery or not, the evidence was irrefutable that the husband has openly been involved in adulterous conduct with at least two women. Fault in bringing about the breakdown of the marriage is an element to consider in arriving at an award of alimony. Phillips v.Phillips, 49 Ala. App. 514, 274 So.2d 71, cert. denied, 290 Ala. 370, 274 So.2d 80 (1973).
We further consider that the court erred in giving the husband all of the funds withdrawn from the joint account and invested in a certificate of deposit in Mississippi. Such action was clearly to prevent the wife from having any part of it. In view of the $5,000 bond given to the husband, and the need for an automobile for the use of the wife and children, it is our opinion that the certificate should be awarded to the wife.
It is the opinion of the court that there should not be a total deduction of the amount given for each child's support as it becomes of age or marries. The cost of maintaining a home for three children, two or even one, is little less than the cost for four. Providing and maintaining shelter is a substantial cost of rearing children.
We further find that the total elimination of alimony, as little as it is, upon the coming of age or marriage of the youngest child is arbitrary and unfair. Such order smacks of saying that the wife is to be cast aside without aid or assistance as quickly as there is no longer need for her service in rearing the children. This is to be done now without any consideration of her financial status or needs eleven years later. The matter could have at least been left open for modification at that time. The husband is casting her aside now after she helped him attain his professional status and bore him four children. The husband is required to provide token alimony now in return for 19 years of faithful and loving service but after she spends the next eleven years rearing the children, she is to be denied even that token sum. Such action is a clear abuse of discretion.
In summary, the evidence as to all matters material to a property division, award of alimony and support is undisputed, except that the husband denies the act of adultery, though admitting numerous trips, one as far as San Francisco, and nights spent in motel rooms with women other than his wife. Such being the state of the record, we do not consider that the usual presumption of correctness of the findings and conclusions of the trial court after hearing evidence ore tenus applies in this case. After considering the evidence, we conclude that the judgment of the trial court is unjust and is an abuse of discretion in several aspects and is due to be altered as follows: (a) In addition to the home in Alexander City, the husband shall be directed to transfer to the wife the certificate of deposit in the amount of $7,200 or to pay her that amount in cash. (b) The total *Page 154 
amount awarded as support for the children shall not be diminished as the two older children reach the age of 19 or marry, but the amount deducted as support shall be added to the alimony of the wife until the third oldest child reaches 19 or marries. Thereafter, the amount of support shall be reduced in the amount of $250 per month until the last child reaches 19 years of age or marries, whichever occurs first. Thereafter, all support for the children shall cease, but the alimony for the wife (if she has not remarried or this decree has not been modified) shall be increased to $1,000 per month to continue until death or remarriage, subject to modification by the court. The present award of alimony shall be changed to the sum of $250 per month rather than payable $750 per quarter.
The judgment of the trial court is hereby affirmed as to all things not herein found to be erroneous. We reverse the judgment as found erroneous and direct the trial court to enter judgment in accord with our findings and direction hereinabove.
In response to appellant's request for an attorney fee on appeal we hereby order appellee to pay to her for the service of her attorney on appeal the sum of $1,000.
AFFIRMED IN PART, REVERSED IN PART WITH DIRECTION.
REQUEST FOR ATTORNEY FEE GRANTED.
BRADLEY and HOLMES, JJ., concur.